514 A.2d 948

**Joseph A. RUCKINGER, Appellant,**

**v.**

**Vernon D. WEICHT.**

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Aug. 28, 1986.

Harold E. Miller, Altoona, for appellant.

Karen Pfeffer, Hollidaysburg, for appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order dismissing appellant's action in mandamus.

Appellant posted bail of $8,500 in cash, ten per cent of the named bail for his son. Under Blair County court Rule 481, appellant was required to sign an agreement allowing the bail money to be used to pay any costs, fines or restitution which may result from the charges against his son.

Appellant's son was found guilty and fined over $2,500. His appeal on that case is pending. While the son remained free on bail he was arrested and incarcerated on other charges. The appellant executed a bail piece authorizing the Blair County Prison warden to take his son into custody. Appellant then requested the return of his $8,500 and appellee, the Blair County Prothonotary and Clerk of Courts refused, based on local Rule 481.

Appellant filed an action in the nature of a mandamus. A hearing was held and the Order appealed from issued.

■ Appellant attacks the validity of the Blair County rule which requires the party posting bail to consent to the use of the money for purposes other than securing the appearance of the defendant.

We agree with appellant that the local rule is not in accord with the Rules of Criminal Procedure or the underlying purpose of bail and reverse.

The Pennsylvania Constitution, in Article 1, § 14, mandates all persons have a right to be released on bail prior to trial in all cases except those involving capital offenses.[1] *Commonwealth v. Truesdale*, 449 Pa. 325, 327, 296 A.2d 829, 831 (1972); *Alberti v. Boyle*, 412 Pa. 398, 195 A.2d 97 (1963). *See also* 42 Pa.C.S.A. § 5701.

The right to release before trial is thus predicated upon the accused providing adequate assurance, in the form of bail, that he or she will appear for trial. *Truesdale, supra; Commonwealth v. Heiser*, 330 Pa.Super. 70, 478 A.2d 1355 (1984). The fundamental purpose of bail is, therefore, established as being to assure the presence of the accused at trial.

There are also considerations which support the liberal granting of bail.

In the absence of evidence the accussed will flee, certain basic principles of our criminal law indicate bail should be granted; these are (a) the importance of the presumption of innocence; (b) the distaste for the imposition of sanctions prior to trial and conviction and (c) the desire to give the accused the maximum opportunity to prepare his defense.

*Truesdale* 449 Pa. at 335, 296 A.2d at 834–835. *See also Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

One of the underlying tenets of our legal system is the presumption of innocence. Bail allows an accused to be free of confinement until guilt is established. Without a liberal granting of bail, those wrongly accussed would frequently be punished by a period of incarceration while awaiting trial.

While the court has freedom within the proper use of its discretion to establish the amount of bail and set conditions, this must relate to the likelihood of flight by the

1. Bail after a finding of guilt is governed by Pa.R.Crim.P. 4010.

accused. *Truesdale, supra; Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983); Pa.R.Crim.P. 4004.

A local rule such as the one presently before us conditions the granting of bail in an improper manner. Bail is to insure the appearance of the accused, not to guarantee payment of fines, costs or restitution after conviction. *Commonwealth v. McDonald,* 476 Pa. 217, 382 A.2d 124 (1978). The principles discussed in *Truesdale, supra,* indicate the importance of the right to bail. Provisions not related to insuring the presence of the accused at trial improperly restrict the right to be free prior to trial.

Additional support is found in the Pennsylvania Rules of Criminal Procedure which have been established to govern criminal proceedings in all state courts.

Bail is first mentioned in the Rules of Criminal Procedure in Rule 3(b) where the definition is set forth as follows:
Rule 3 Definitions

. . . . .

(b) Bail is the security required and given for the release of a person in the custody of the law, conditioned upon a written undertaking that the person will appear when required to do all other things stipulated therein.

The rules deal with the administration of bail proceedings in Chapter 4000. Rule 4006 provides for six types of bail: (a) R.O.R. or nominal bail, (b) U.S. currency, (c) a sum of money not to exceed 10 per cent of the amount of bail set, (d) bearer bonds of the U.S. government or the Commonwealth of Pennsylvania or any political subdivision of the Commonwealth, (e) realty located within the Commonwealth, (f) surety bond of a professional, licensed bondsman.

The rules go on to spell out the conditions of bail in Rule 4013 which states:

**Rule 4013. Conditions of Bail**

When a person is admitted to bail, the conditions of the bail bond shall be that such person will:

(a) Appear before the issuing authority or court at all times required until full and final disposition of the case;

(b) Submit to all orders and process of the issuing authority or court;

(c) Give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change.

(d) Comply with any specific requirement of release which may be reasonably imposed by the issuing authority or court to assure compliance with the conditions of bail, such as satisfactory participation in a designated program;

(e) Neither do, nor cause to be done, nor permit to be done on his or her behalf, any act proscribed by Crimes Code section 4952 (relating to intimidation of witnesses or victims) or section 4953 (relating to retaliation against witnesses or victims) (18 Pa.C.S.A. 4952, 4953); and

(f) Obey such other conditions as the issuing authority or court may impose, or any reasonable conditions as the court bail agency or other designated court bail officer may impose with leave of court.

Provisions for the return of bond funds are in Rule 4015 which provides:

**Rule 4015.  Receipt for Deposit;  Return of Deposit**

(a) The issuing authority or the clerk of the court who takes a deposit of bail other than a surety bond, shall furnish to the depositor an itemized receipt of such bail, and note on the transcript or docket the amount deposited, and by whom deposited.  When the issuing authority takes such deposit of bail, he shall deliver it with the transcript to the clerk of the court, who shall place such deposit in a bank or other depository approved by the court and keep proper records thereof.  Upon full and final disposition of the case, the issuing authority or the clerk of the court shall return the deposit promptly after

twenty (20) days, less any fees or commissions authorized by law.

(b) When a sum of money equal to a percentage of the full amount of the bail has been deposited, the issuing authority or clerk of court shall return the same to the depositor within twenty (20) days after full and final disposition of the case, *less a reasonable charge relating to the costs of administering the percentage cash bail program.* (emphasis added)

In viewing these various sections of the Rules of Criminal Procedure it becomes more apparent that the function of bail is solely to secure the appearance of the accused. The comments to Rule 4006 provide that the list of permissible forms of bail is intended to be exclusive. The conditions set forth in Rule 4013 make no mention of guaranteeing potential fines or restitution. Likewise Rule 4015(b) calls for the return of the funds deposited less a reasonable administrative charge without imposing any other condition.

Appellees argue that the rules do not specifically prohibit local rules from adding conditions to the granting of bail and thus they are proper. We do not agree. Although Pa.R.Crim.P. 1(b) authorizes the adoption of local rules of procedure, this is restricted by Pa.R.Crim.P. 6(b) which states:

**Rule 6 Local Rules**

.     .     .     .     .

(b) Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.

Here the rule established is inconsistent with the rules governing bail in adding conditions which do not relate to requiring the appearance of the accused at trial. In addition the rule curtails the Pennsylvania Constitutional mandate that all persons have a right to be free prior to trial if their appearance is assured.

The fact that a third party paid the bail and signed a written agreement consenting to the application of the bail

to fines, costs, etc. does not alter our finding but rather reinforces it.

A parent entering into such an agreement to secure the release of their child may be under extreme duress at such a time. The implications of agreeing to have the cash posted used to pay fines and restitution would not be clear since the amounts owed certainly would not be established until sentencing (and they could be in the thousands of dollars). If the risks are clear to the third party, they may well serve as a basis for refusing to make the funds available to the accused even though the third party is willing to assume the risk of the accused appearing for trial.

In any event, having a party agree to the requirements set forth in the local rule does not make the rule proper and enforceable. As we have stated the rule places improper restrictions on the granting of bail and cannot stand.

We reverse the Order of the lower court and direct the release of the funds held, minus administrative costs.

Order reversed, funds to be released.