644 A.2d 751

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Junior ATKINS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 1, 1994.

Filed June 23, 1994.

Michael L. Rosenfield, Pittsburgh, for appellant.

David Gorman, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before DEL SOLE, FORD ELLIOTT and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal by appellant, Junior Atkins, from an order of court denying his motion for total remission of a bail forfeiture. We reverse and remand.

Appellant, a New Jersey resident, was arrested in Blair County on June 5, 1992 and charged with possession of a controlled substance, delivery of a controlled substance, and unsworn falsification to authorities. Bond was set at $110,-000.00 with the condition that appellant remain in Pennsylvania. On the motion of defense counsel, the trial court modified the conditions of appellant's bail, permitting him to return to New Jersey upon his release. Appellant was released from custody when his wife posted $11,000.00 cash bail, 10% of the bond.

On December 1, 1992, when appellant failed to appear in court, the trial court issued a bench warrant for his arrest and ordered appellant's bail forfeited to Blair County. The trial court rescinded the bench warrant on December 3, 1992. The following day, the trial court revoked its order forfeiting bail and reinstated bond at $220,000.00, providing that the cash already posted was sufficient security for this increased bond.

On January 19, 1993, appellant appeared before the trial court, present counsel entered his appearance, prior counsel was granted leave to withdraw, and the case was continued until the March term of court. On or before March 8, 1993, counsel notified the trial court that appellant was incarcerated in the state of New York. When appellant and counsel failed to appear when the case was called on March 8th, the trial court issued a bench warrant for appellant's arrest and ordered his bail forfeited.

The bench warrant was cleared on August 4, 1993, when appellant was transferred from Sing Sing Prison in New York to the Blair County Jail. On August 6, 1993, appellant appeared with counsel before the trial court and entered guilty

pleas to all of the charges. Appellant was sentenced to serve a term of 11½ to 23 months imprisonment and to pay the costs of prosecution and a fine of $800.00. At the conclusion of the hearing, appellant made an oral motion for a total remission of the bail that had been forfeited on March 8, 1993. The trial court denied the motion for total remission, but granted a partial remission from the $220,000.00 forfeited to a total of $110,000.00. As $11,000.00 cash had been posted as bail for appellant's release, he was ordered to pay the remaining $99,000.00 over a period of ten years.

On appeal, appellant claims that the trial court erred in failing to grant a total remission of the forfeited bail. Appellant contends that he did not voluntarily fail to appear on March 8, 1993, as he was incarcerated in New York at that time. As a result, he submits that the trial court abused its discretion in failing to grant a total remission of the forfeited bail.

In general, bail has been long recognized as a procedure through which a defendant provides a form of collateral in exchange for his release from custody. *Commonwealth v. Chopak*, 532 Pa. 227, 615 A.2d 696 (1992). It secures the defendant's future appearance and the other requirements of his bond. *Id.* The trial court has the authority to order forfeiture of bail upon the occurrence of a breach of a condition of bail. *Id.;* Pa.R.Crim.P. 4016(A)(1)(a). However, once bail has been forfeited, Pa.R.Crim.P. 4016(A)(1)(c) provides that "[t]he issuing authority or the court may direct that a forfeiture be set aside upon such conditions as may be imposed if it appears that justice does not require enforcement of the forfeiture." Thus, the decision to allow or deny the remission of a bail forfeiture lies within the sound discretion of the trial court. *Commonwealth v. Chopak, supra.*

An "abuse of discretion" is not merely an error of judgment. *Commonwealth v. Wade*, 485 Pa. 453, 402 A.2d 1360 (1979). But if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias,

or ill-will, as shown by the evidence or the record, the court's discretion is abused. *Id.*

Although there are few cases defining the considerations to apply in ruling on a motion for remission, the opinion in *United States v. Ciotti*, 579 F.Supp. 276 (W.D.Pa.1984) is instructive on this point. Regarding the remission of forfeited bail under Fed.R.Crim.P. 46(e), *Ciotti* states that when considering whether justice requires the enforcement of a bail forfeiture, the court must look to: (1) the willfulness of the defendant's breach; (2) the cost, inconvenience and prejudice suffered by the government as a result of the breach; and (3) any explanation or mitigating factors present in the case. *United States v. Ciotti*, 579 F.Supp. at 278. *See, Commonwealth v. Chopak*, 615 A.2d at 703 (Where the defendant fled the jurisdiction in blatant disregard of the obligations agreed to and required in exchange for his release, and because he was not prevented from appearing by some official intervention, bail forfeiture was an appropriate sanction and no mitigating factors were present to support remission).

Applying the above standards to the record of the instant case, it is clear that all of these considerations weigh in favor of total remission of the forfeited bail. When appellant's case was called on March 8, 1993, the trial court was aware that appellant was being held in custody by the authorities in New York. Rather than holding the case in abeyance until appellant was released from custody in New York, the trial court issued a bench warrant for appellant's arrest and forfeited his bail solely because appellant failed to appear in court on that date. In ruling on the motion for total remission of the forfeited bail, the trial court misapplied the foregoing law as it based the forfeiture solely on appellant's failure to appear on March 8th. Appellant's failure to appear was the result of the intervention of the officials in New York and not a willful breach by appellant. *United States v. Ciotti, supra; Commonwealth v. Chopak, supra.* In addition, there are no facts presented which indicate that the Commonwealth has borne a great cost or has been inconvenienced or prejudiced by appellant's failure to appear. *United States v. Ciotti, supra.* When

appellant was released to the authorities in Blair County, he appeared before the trial court, entered guilty pleas to the charges, and was sentenced to a period of confinement and to pay the costs of prosecution and a fine. Under these circumstances, to require appellant to also pay forfeited bail in the amount of $99,000.00 is manifestly unreasonable and contrary to the law. *Commonwealth v. Wade, supra.* As a result, we find that the trial court abused its discretion in failing to order total remission of the forfeited bail in this case.

Order of court reversed and the case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.