**COMMONWEALTH of Pennsylvania**

v.

**Joseph Matthew MROZEK, Jr.**

**Appeal of BAIL USA, INC.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1997.

Filed Dec. 16, 1997.

---

**1053**

Theodore E. Breault, Pittsburgh, for appellant.

Joseph M. George, Jr., Asst. Dist. Atty., Uniontown, for the Com., appellee.

Before TAMILIA, JOHNSON and BROSKY, JJ.

TAMILIA, Judge:

Bail U.S.A., Inc., appeals from the January 17, 1997 Order denying its petition to vacate forfeiture and return bond in the matter of *Commonwealth v. Mrozek.* The procedural and factual history of this case provide the necessary background to the issues presented on appeal.

1. 18 Pa.C.S. § 2502.

Joseph M. Mrozek (hereinafter defendant) was convicted of first degree murder[1] on September 20, 1993 and sentenced to life imprisonment. On appeal, this Court vacated the judgment of sentence and granted defendant a new trial. *Commonwealth v. Mrozek,* 441 Pa.Super. 425, 657 A.2d 997 (1995). On May 3, 1995, defendant's motion to have bail reinstated was granted. A suretyship bond was posted by appellant on June 9, 1995 in the amount of $100,000. On September 10, 1996, the date the new trial was to commence, defendant failed to appear. Appellant filed for and was issued bail piece and on November 19, 1996, appellant tendered a check to the County of Fayette in the amount of $100,000 as forfeiture. Defendant was subsequently apprehended and returned to Fayette County. The petition to vacate forfeiture and return bond followed and a hearing was held January 3, 1997 on the matter. The petition was denied by the January 17, 1997 Order now on appeal.

Appellant argues the trial court failed to apply the appropriate standard of review and failed to impose the proper burden of proof in deciding this matter.

Bond forfeiture is governed by Pa. R.Crim.P. 4016, Procedures Upon Violation of Conditions: Revocation of Release and Forfeiture; Bail Pieces; Exoneration of Surety. It is well-established "the decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court." *Commonwealth v. Atkins,* 434 Pa.Super. 559,, 644 A.2d 751, 752 (1994), *citing Commonwealth v. Chopak,* 532 Pa. 227, 615 A.2d 696 (1992). Moreover, a mere error in judgment will not establish an abuse of discretion. Appellant must show a misapplication of law, a manifestly unreasonable judgment or a resulting prejudice, bias, illwill or partiality to establish an abuse of discretion. *Id.*

An examination of the relevant case law reveals appellant's burden to prove the following: "[t]he apprehension or return of the defendant [was] effected by the efforts of the bondsman or those efforts *at least* [had] *a substantial impact* on his apprehension

and return." *Commonwealth v. Fleming,* 336 Pa.Super. 377, 380, 485 A.2d 1130, 1131 (1984) (emphasis in original). Moreover, "[m]ere participation in the search for the defendant is not enough." *Id.* The prime considerations of the trial court in determining whether remission is appropriate are the result and the extent of the bondsman's efforts. *Commonwealth v. Reeher,* 245 Pa.Super. 282, 369 A.2d 404 (1976).

■ The trial court, having reviewed the evidence presented at the January 3, 1997 hearing, found appellant's efforts did not result in nor did they have a substantial impact on the defendant's apprehension and return. (Slip Op., Wagner, J., 1/17/97, p. 2.) In addition, the court determined Brian Mrozek, brother of the defendant, aided authorities in the apprehension of his brother "independently and on his own, rather than as an agent of [appellant]." (Slip Op. at 3.)

An examination of the record provides ample support for the conclusions of the trial court and reveals the following. Upon information defendant had failed to appear for trial, appellant instituted an investigation to assess defendant's whereabouts and return him to authorities (H.T., 1/3/97, pp. 9–11). Appellant's investigation involved contacting defendant's family, friends and associates, checking establishments defendant was known to frequent, traveling to various locales where defendant was known to have connections and remaining in daily contact with defendant's family (H.T. at 24–38, 40–54).

Meanwhile, Pennsylvania State Police were conducting their own investigation (H.T. at 88–90). It was defendant's brother, however, whom both appellant and Pennsylvania State Police had contacted during the course of their investigations, who provided what ultimately proved to be the pivotal clues in the case (H.T. at 75).[2] We agree with the trial court's finding the capture of defendant was not effected by the efforts of appellant nor did appellant's efforts have a substantial impact on defendant's capture.

**2.** Defendant was apprehended after an airing of the television program "America's Most Wanted." The information reported during the broad-

■ In its brief, appellant disagrees with the trial court's consideration of the following factors: (1) the willfulness of the defendant's breach of the bond; (2) the cost, inconvenience and prejudice suffered by the government as a result of the breach, and (3) any explanation or mitigating factors. We find nothing improper in the trial court's consideration of these additional factors. In *Atkins, supra,* this Court found the above-described factors as set forth in *United States v. Ciotti,* 579 F.Supp. 276 (W.D.Pa.1984), helpful in determining whether a remittance was appropriate.

The trial court, therefore, has applied the appropriate standard of review, assessed the proper burden of proof and, in arriving at its decision, has in no manner abused its discretion.

Based on the foregoing, the January 17, 1997 Order is affirmed.

Order affirmed.

cast was supplied to the program's producers by defendant's brother, Brian Mrozek (H.T., 1/3/97, pp. 70–75).