**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alonso MAYFIELD,**

**Appeal of: Capital Bonding Corporation.**

Superior Court of Pennsylvania.

Argued Feb. 12, 2003.
Filed May 30, 2003.

Stacey A. Scrivani, Reading, for appellant.

Michael P. Dennehy, Danville, for Montour County.

Eric R. Augustine, Asst. Atty. Gen., Harrisburg, for Com., appellee.

BEFORE: JOHNSON, JOYCE, and OLSZEWSKI, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Capital Bonding Corporation (Capital) appeals the trial court's order denying its motion to vacate bail forfeiture after defendant Alonso Mayfield was arrested on new charges in violation of the conditions of a bail bond Capital had posted for Mayfield's release on existing charges. Capital argues that because the bond was issued principally to secure Mayfield's appearance, and because Mayfield appeared as required, the trial court abused its discretion in sustaining the bail forfeiture based on the new arrest. Following careful consideration of the record in light of applicable law, we conclude that the trial court did abuse its discretion. Accordingly, we reverse the court's order.

¶ 2 This matter commenced following Mayfield's initial arrest in Montour County on charges of Theft by Unlawful Taking and Theft by Receiving Stolen Property, for which the trial court set bail in the amount of $150,000. Subsequently, the court reduced bail to $50,000, and on July 6, 2001, Capital posted a bond in that amount and filed a Certificate of Bail and Discharge and a Power of Attorney with the Montour County Clerk of Courts. The bond specified the conditions of release as follows: "Defendant must report to bonding company on a weekly basis; remain in county of residence and abide by all conditions of bail agreement until case is finalized; must remain arrest free." Capital Bonding Corporation's Petition to Vacate Forfeiture, Exhibit A, Reproduced Record (R.R.) at 40a.

¶ 3 Upon his release, on July 25, 2001, Mayfield went to the home of his paramour, Linette Ludwig, and sought to retrieve his personal belongings. Before Ludwig would grant Mayfield access, however, she demanded that he repay a sum of $3,100 that she had posted as bond for his release on other charges. Mayfield refused to repay the money and allegedly struck Ludwig in the face, fracturing her nose. In response to this apparent ruckus, a neighbor called the police, who arrested Mayfield for Simple Assault, thus establishing his violation of the conditions of the bail bond posted by Capital.

¶ 4 Following the arrest, the Commonwealth filed a motion to revoke Mayfield's bail. After a hearing on December 10, 2001, the court granted the Commonwealth's motion and ordered forfeiture to Montour County of Capital's $50,000 bond based on Mayfield's violation of the conditions of release. Thereafter, on January 15, 2002, Capital filed a petition to vacate the forfeiture. After oral argument, the court denied Capital's petition by order of June 28, 2002, finding that Capital "did not respond to the action requesting the forfei-

ture nor timely seek redress." Order of Court, 6/28/02, at 1. The court concluded, in addition, that "[t]he testimony at the forfeiture hearing adequately supported violations of the bail piece and justified forfeiture." Order of Court, 6/28/02, at 1.

¶ 5 Capital now files this appeal, raising the following questions for our review:

A. WHETHER THE TRIAL COURT ERRED BY DETERMINING THAT APPELLANT/PETITIONER DID NOT TIMELY SEEK REDRESS OF THE TRIAL COURT'S ORDER FORFEITING BAIL WHEN THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE DO NOT RESTRICT THE TIME PERIOD IN WHICH TO PETITION THE COURT TO VACATE THE FORFEITURE?

B. WHETHER THE TRIAL COURT ERRED BY DETERMINING THAT A CORPORATE SURETY POSTING AN APPEARANCE BOND IS A GUARANTOR OF A DEFENDANT'S BEHAVIOR?

C. WHETHER THE TRIAL COURT ERRED BY DETERMINING THAT FORFEITURE OF A CORPORATE SURETY'S BOND IS PROPER WHEN A DEFENDANT ON BOND IS REARRESTED BUT NOT YET CONVICTED OF A CRIME?

Brief for Appellant at 4.

¶ 6 All of Capital's questions challenge the trial court's refusal to vacate its order granting forfeiture of Mayfield's bail in favor of Montour County. "[T]he decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court." *Commonwealth v. Mrozek*, 703 A.2d 1052, 1053 (Pa.Super.1997). Accordingly, our review is limited to determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. *See Commonwealth v. Atkins*, 434 Pa.Super. 559, 644 A.2d 751, 752 (1994). To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment. *See id.*

¶ 7 In support of its first question, Capital contends that the trial court deemed its petition to vacate bail forfeiture to be untimely filed. Brief for Appellant at 10. Capital filed its petition 32 days after the trial court entered its order of record. Capital argues that because the Pennsylvania Rules of Criminal Procedure do not specify a window of time within which such a petition must be filed, the trial court abused its discretion in treating the petition as untimely. Brief for Appellant at 10. The Commonwealth argues that the court did not in fact dispose of Capital's petition on the basis of timeliness, but instead, disposed of the matter on the merits. Brief for Appellee Commonwealth of Pennsylvania at 6. Montour County argues that the trial court did dispose of Capital's petition on the basis of timeliness but cites no authority to establish that the 32 days at issue here exceeded any time prescribed by the Rules of Court. Brief for Appellee County of Montour at 6–7. The trial court has not filed the required Rule 1925(a) opinion to explain its basis for decision. Accordingly, we can rely only on the language of the order itself to discern the court's intent.

¶ 8 The order provides, in its entirety, as follows:

AND NOW, this June 28, 2002, upon consideration of the testimony and briefs of counsel regarding the Petition of Capital Bonding Corporation to Vacate our

Order of Forfeiture of Bail, the Petition is denied. The testimony reveals that the Bonding Company did not respond to the action requesting the forfeiture nor timely seek redress following this court's granting the forfeiture. This court will not now grant relief from the order. The testimony at the forfeiture hearing adequately supported violations of the bail piece and justified forfeiture.

Order of Court, 6/28/02, at 1.

¶ 9 Upon consideration of this language, we cannot conclude that the purported untimeliness of the petition stands independently as the basis of the court's disposition. Although the court's language suggests its dissatisfaction at the timing of Capital's response to the forfeiture order, it also documents the court's reliance on testimony and its conclusion that the record justified forfeiture on the merits. Accordingly, we disagree with Capital's assertion that the court disposed of its petition due to untimely filing.

¶ 10 To the extent that the court's order does rely on the purported untimeliness of Capital's petition, we find no authority for its conclusion. Neither the court nor any party identifies provisions of the Rules of Criminal Procedure that limit the period of time in which an aggrieved party may seek remission of bail forfeiture. In addition, the record contains no evidence relating Capital's diligence, or lack thereof, in filing its motion to vacate bail forfeiture. In the absence of any evidence concerning Capital's diligence, and in the absence of a controlling Rule of Court, we find no basis in law to support a conclusion of untimeliness. *Cf. Smith v. Gallagher*, 408 Pa. 551, 185 A.2d 135, 146 (1962), *overruled on other grounds by Application of Biester*, 487 Pa. 438, 409 A.2d 848, 852 (1979) (concluding that trial judge must pass on questions presented in accordance with established procedure rather

than his or her personal estimate of highly specialized situation). We conclude accordingly that to the extent the court disposed of Capital's petition on the basis of untimeliness without evidence on record to support its finding or conclusion, it abused its discretion.

¶ 11 In support of its second question, Capital contends that the primary purpose of bail is to secure a defendant's appearance at trial and that the court erred in granting forfeiture for violation of other bail conditions. Brief for Appellant at 12. Capital argues further that "Pennsylvania [caselaw] demonstrates that neither the Pennsylvania Supreme Court nor this Court would permit forfeiture for violation of any condition of bail other than appearance." Brief for Appellant at 12. Nevertheless, Capital acknowledges that the issue of whether bail is properly forfeited for violation of conditions not related to appearance is a matter of first impression in this Commonwealth.

¶ 12 "Bail has long been recognized as a procedure whereby an individual defendant provides a form of collateral 'in exchange for the defendant's release from custody; it secures his future appearance and other requirements of his bond ...." *Commonwealth v. Chopak*, 532 Pa. 227, 615 A.2d 696, 702 (1992) (quoting *Commonwealth v. McDonald*, 476 Pa. 217, 382 A.2d 124, 126 (1978)). Although the fundamental purpose of the bail bond remains to assure the defendant's appearance, *see Ruckinger v. Weicht*, 356 Pa.Super. 455, 514 A.2d 948, 949 (1986), the Rules of Criminal Procedure specify "other requirements" to accompany every bond:

**Rule 526. Conditions of Bail Bond**

(A) In every case in which a defendant is released on bail, the conditions of the bail bond shall be that the defendant will:

(1) appear at all times required until full and final disposition of the case;

(2) obey all further orders of the bail authority;

(3) give written notice to the bail authority, the clerk of courts, the district attorney, and the court bail agency or other designated court bail officer, of any change of address within 48 hours of the date of the change;

(4) neither do, nor cause to be done, nor permit to be done on his or her behalf, any act proscribed by Section 4952 of the Crimes Code (relating to intimidation of witnesses or victims) or by Section 4953 (relating to retaliation against witnesses or victims), 18 Pa.C.S. § 4952, 4953; and

(5) refrain from criminal activity.

Pa.R.Crim.P. 526. In addition, the bail authority may establish other conditions in accordance with Criminal Rules 524 (Types of Release on Bail), 527 (Nonmonetary Conditions of Release on Bail), and 528 (Monetary Condition of Release on Bail). *See* Pa.R.Crim.P. 526(B).

■ ¶ 13 In the event that a defendant violates the conditions of bail, the trial court has substantial discretion to grant forfeiture of the bail bond. Criminal Rule 536 delineates that discretion, in pertinent part, as follows:

**Rule 536. Procedures Upon Violation of Conditions: Revocation of Release and Forfeiture; Bail Pieces; Exoneration of Surety**

**(A) Sanctions**

\* \* \* \*

(2) *Forfeiture*

(a) When a monetary condition of release has been imposed and the defendant has violated a condition of the bail bond, the bail authority may order the cash or other security forfeited and shall state in writing or on the record the reasons for so doing.

\* \* \* \*

(d) The bail authority may direct that a forfeiture be set aside or remitted if justice does not require the full enforcement of the forfeiture order.

Pa.R.Crim.P. 536(A)(2)(a), (d). Significantly, the language of this Rule does not limit application of forfeiture merely to failure of the defendant to appear. *See* Pa.R.Crim.P. 536(A)(2)(a). Rather, the Rule allows forfeiture for any violation subject to remission "if justice does not require the full enforcement of the forfeiture order." *See* Pa.R.Crim.P. 536(A)(2)(d). Thus, Rule 536, when considered in conjunction with Rule 526, *infra*, would appear to allow forfeiture for a defendant's failure to appear, to obey orders of the bail authority, to give timely written notice of a change of address, and to refrain from criminal activity generally. *See* Pa.R.Crim.P. 526(A)(1), (2), (3), (5). Forfeiture may also be appropriate if the defendant engages in intimidation or retaliation against witnesses, *see* Pa.R.Crim.P. 526(A)(4), or violates other conditions established in accordance with Criminal Rules 524, 527, and 528, *see* Pa.R.Crim.P. 526(B).

¶ 14 Nevertheless, the trial court's discretion to grant bail forfeiture is not unbounded; an award of forfeiture is subject to remission "if justice does not require the full enforcement of the forfeiture order." *See* Pa.R.Crim.P. 536(A)(2)(d). We have held previously that the trial court's discretion to determine the interests of justice is properly guided by the three-part standard enunciated by the United States District Court in *United States v.*

*Ciotti,* 579 F.Supp. 276, 278 (W.D.Pa.1984). *See Mrozek,* 703 A.2d at 1054; *Atkins,* 644 A.2d at 752–53. Although our prior applications of the standard occurred in cases where the bail violation at issue was the defendant's failure to appear, we find the standard equally applicable regardless of the violation alleged.

¶ 15 In *Ciotti,* the court provided the following reasoning, focused substantially on prejudice to the government occasioned by the defendant's violation of the conditions of the bail bond:

> When a defendant breaches a bail bond, without a justifiable excuse, and the government is prejudiced in any manner, the forfeiture should be enforced unless justice requires otherwise. When considering whether or not justice requires the enforcement of a forfeiture, a court must look at several factors, including: 1) the willfulness of the defendant's breach of the bond, 2) the cost, inconvenience and prejudice suffered by the government, and 3) any explanation or mitigating factors.

*Ciotti,* 579 F.Supp. at 278 (citations omitted). We note that the language the court used is both mandatory (*"must* look at several factors"), and conjunctive ("and"). Although this language of the district court does not control our disposition, we do find it persuasive and therefore reaffirm its application to claims for remission of bail forfeiture regardless of the breach of bail condition from which they arise. *See Mrozek,* 703 A.2d at 1054 (applying *Ciotti* standard to claim for remission of forfeiture after defendant failed to appear); *Atkins,* 644 A.2d at 752–53 (same).

¶ 16 Upon review of the record in this case, we find no indication that the trial court considered any of the factors in *Ciotti* prior to its order refusing remission of the bail forfeiture. Unfortunately, the court did not file an Appellate Rule 1925(a) opinion. Accordingly, we can discern its rationale only from the text of its order quoted above. In this regard, the court stated that "[t]he testimony at the forfeiture hearing adequately supported violations of the bail piece and justified forfeiture." Order of Court, 6/28/02, at 1. Following consideration of the forfeiture hearing transcript, we agree that the testimony establishes Mayfield's violation of the condition of bail that he remain "arrest free." However, in view of the three-factor test established in *Ciotti,* we do not find this testimony adequate to sustain a complete forfeiture following Capital's request for remission.

¶ 17 We acknowledge, initially, that the record does provide evidence that Mayfield's arrest, which violated the condition of his bail that he "remain arrest free," resulted from willful conduct. Consequently, sufficient evidence is present to establish "the willfulness of defendant's breach," as specified by the first factor in *Ciotti. See* 579 F.Supp. at 278. Nevertheless, the record is devoid of any evidence to establish the second factor in *Ciotti,* "the cost, inconvenience and prejudice suffered by the government" resulting from Mayfield's arrest. *See id.* Given the conjunctive, mandatory language the *Ciotti* standard employs, we find this discrepancy controlling. In the absence of material evidence, we can only conclude that any such cost, inconvenience or prejudice was no more than nominal. Police arrested Mayfield promptly following his infraction and he was recommitted to the Montour County jail, the same facility in which he had been housed prior to his bail-release. Unlike the usual disappearance of the defendant following a failure to appear, Mayfield's arrest did not require substantial investigative resources and did not require a delay in disposition of the underlying charges. In the absence of at least some

demonstrated detriment to Montour County, the Commonwealth, or the trial court, we conclude, as a matter of law, that the record fails to establish a legally cognizable basis for the total forfeiture the trial court ordered. Accordingly, we conclude that the second factor of the three-factor test in *Ciotti* is not met. *See* 579 F.Supp. at 278. We are compelled to conclude accordingly that the trial court erred in refusing to grant remission of the bail forfeiture in favor of Capital.

¶ 18 For the foregoing reasons, we reverse the trial court's order.

¶ 19 Order **REVERSED**. Case **REMANDED** with direction to remit bail forfeiture in favor of Capital Bonding Corporation. Jurisdiction **RELINQUISHED**.

¶ 20 Judge OLSZEWSKI files a Dissenting Statement.

DISSENTING STATEMENT BY OLSZEWSKI, J.:

¶ 1 While the expression of the majority view provides a persuasive analysis and sound rationale, I am obliged to differ and respectfully dissent.

¶ 2 Appellant's release, upon posting bond, was conditional. As stated by the majority, the conditions were as follows: "[appellant] must report to bonding company on a weekly basis; remain in county of residence and abide by all conditions of bail agreement until case is finalized; must remain free of arrest." Majority at 464. If any of these conditions were violated, the bond would be forfeited. Further, all parties involved were aware of these conditions and of the fact that if violated the bond is forfeited.

¶ 3 On the very same day that appellant was released on bond, appellant was arrested for new charges. This violated the conditions of his bond. Thus, the trial court did not err in its decision to forfeit the bond.

¶ 4 Accordingly, I would affirm the trial court's decision.