J-A31016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANTE OMAR SEALS | |
| | No. 1563 MDA 2014 |
| APPEAL OF:  SYLVESTER CASEY JONES, BAIL BONDSMAN | |

Appeal from the Orders Entered August 20, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003928-2013
CP-36-CR-0004577-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANTE OMAR SEALS | |
| | No. 2113 MDA 2014 |
| APPEAL OF:  SYLVESTER CASEY JONES, BAIL BONDSMAN | |

Appeal from the Orders Entered November 21, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003928-2013
CP-36-CR-0004577-2013

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED MARCH 18, 2016**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals, Appellant, Sylvester Casey Jones, bail bondsman, appeals from the orders entered August 20, 2014 by the Honorable Margaret C. Miller, Court of Common Pleas of Lancaster County, which reset Donte Omar Seals' (Defendant's) bail. Appellant also appeals from the orders entered November 21, 2014, by the Honorable Dennis E. Reinaker, Court of Common Pleas of Lancaster County, which denied Appellant's petition to set aside or remit forfeiture of Defendant's bail and exonerate as surety. After review, we dismiss as moot the appeal from the August 20 orders at docket number 1563 MDA 2014. In the appeal docketed at 2113 MDA 2014, we reverse the trial court's orders of November 21 and remand for further proceedings.

Appellant posted bail for Defendant in the amount of $110,000 for charges docketed at CP-36-0004577-2013 and CP-36-000-3928-2013. On August 4, 2014, Defendant failed to appear for a hearing. The trial court issued a bench warrant, and Defendant was apprehended on August 19, 2014. At a bench warrant hearing held on August 20, 2014, at which a representative of Appellant was present, but allegedly did not have an opportunity to speak, the trial court reset Defendant's bail at $1,000,000 at both docket numbers, but did not set aside the bail forfeiture previously posted by Appellant. *See* Order, 8/20/14. On September 12, 2014, Appellant filed a motion for reconsideration of the August 20 orders, which the trial court denied. Appellant filed a timely appeal.

Subsequent thereto, on October 21, 2014, Appellant filed with the court motions for exoneration and credit of surety at CP-36-0004577-2013 and CP-36-000-3928-2013. On November 21, 2014, the trial court denied the Appellant's motions and Appellant thereafter filed a timely appeal. On December 23, 2014, Appellant filed an application for consolidation of the appeals filed at 1563 MDA 2014 and 2113 MDA 2014, which this Court granted.

On appeal, Appellant argues, *inter alia*, that both the Honorable Dennis Reinaker and the Honorable Margaret C. Miller erred in denying the request for exoneration of bail forfeiture without a hearing. **See** Appellant's Brief at 6. We will first address the propriety of Judge Reinaker's November 21 orders denying Appellant's motions for exoneration and credit of surety without a hearing. We review that decision pursuant to the following standard.

> The decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court. Accordingly, our review is limited to a determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment. If a trial court erred in its application of the law, an appellate court will correct the error. Our scope of review on questions of law is plenary.

**Commonwealth v. Riley**, 946 A.2d 696, 698 (Pa. Super. 2008) (citation omitted).

In ***Commonwealth v. Mayfield***, 827 A.2d 462 (Pa. Super. 2003), this Court adopted a three-part test a trial court must utilize to determine whether forfeiture is required in light of a request for set-aside or remission:

> When a defendant breaches a bail bond, without a justifiable excuse, and the government is prejudiced in any manner, the forfeiture should be enforced unless justice requires otherwise. When considering whether or not justice requires the enforcement of a forfeiture, a court must look at several factors, including: 1) the willfulness of the defendant's breach of the bond, 2) the cost, inconvenience and prejudice suffered by the government, and 3) any explanation or mitigating factors.

*Id*. at 468 (citing ***United States v. Ciotti***, 579 F.Supp. 276, 278 (W.D. Pa. 1984)). "A hearing is *required* on a bail bondsman's request for remission of forfeited money." ***Commonwealth v. Nolan***, 432 A.2d 616, 618 (Pa. Super. 1981) (citation omitted; emphasis added).

> Such a hearing is necessary in this case so that the court may have before it evidence of the extent of the appellant's participation in the return of the defendants, ..., and any other relevant evidence appellant may produce which may properly guide the lower court in its future decision as to whether to return any portion of the forfeited bonds herein involved.

*Id*. (citation omitted).

Instantly, there is no indication on the record that the trial court conducted a hearing on the motions to exonerate surety. In light of the clear pronouncement in ***Nolan*** requiring a hearing on a request for remission of forfeited bond money, we are constrained to reverse the trial court's orders denying Appellant's motions to exonerate surety and remand for a hearing

on the cost incurred by the Commonwealth in apprehending Defendant and the amount of remission, if any, warranted in this matter.

Based on our disposition of the appeal docketed at 2113 MDA 2014, we dismiss Appellant's appeal from the orders entered August 20 as moot. Appellant did not file motions for exoneration and credit of surety at any time prior to the trial court's August 20 orders resetting Defendant's bail. Although Appellant maintains that the trial court failed to address the issue of forfeiture of the bail bond previously posted, Judge Miller correctly noted in the September 17, 2014 opinion denying Appellant's motion for reconsideration that Appellant was first required to file the appropriate exoneration request in a petition or motion before the court could address that claim. He did not do so at that time and the court prudently declined to address a claim not properly before it.[1] Nonetheless, because we have reversed the court's November 21 orders denying Appellant's subsequent motions for exoneration and credit of surety without a hearing, we find our disposition at docket number 2113 MDA 2014 effectively moots Appellant's appeal of the orders entered August 20.

_____

[1] Although the transcript of the bench warrant hearing reveals that Judge Miller expressed the opinion that the surety had not made any effort for the return of the defendant and that bail would remain forfeited, that decision is not addressed in the court's August 20 orders. **See** N.T., Bench Warrant Hearing, 8/20/14 at 3-4 (unnumbered). More importantly, the court had not yet conducted a hearing on the matter prior to stating its conclusion as required by the decision in **Nolan**. Thus, the trial court's opinion expressed at the bench warrant hearing is merely dictum.

Appeal at docket number 1563 MDA 2014 dismissed as moot. Orders entered November 21, 2014 at docket number 2113 MDA 2014 reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016