J-A02017-24

2024 PA Super 284

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC D. HAYNES | : | |
| | : | |
| | : | |
| APPEAL OF: COUNTY OF BERKS | : | No. 931 MDA 2023 |

Appeal from the Order Entered June 19, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000573-2021

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

OPINION BY KING, J.: **FILED NOVEMBER 27, 2024**

Appellant, the County of Berks, appeals from the order entered in the Berks County Court of Common Pleas, which granted the petition to vacate bail forfeiture and exonerate surety filed by Financial Casualty and Surety, Inc. ("FCS").[1,2] For the following reasons, we reverse.

_____

[1] This Court has treated an order **denying** a pre-trial petition to vacate bail forfeiture and exonerate surety as a final order for purposes of appeal. *See, e.g., Commonwealth v. Rondon*, 298 A.3d 1135 (Pa.Super. 2023), *appeal granted in part on other grounds*, ___ Pa. ___, 312 A.3d 316 (2024). We see no reason to treat an order granting a petition to vacate bail forfeiture and exonerate surety in a different fashion.

[2] On October 26, 2023, this Court granted FCS's request for intervenor status and gave FCS thirty days to file a brief. FCS did not file a brief in this matter.

We also note that Berks County has taken the instant appeal from a criminal trial court docket to which Berks County (as opposed to the Commonwealth of Pennsylvania) was not a direct party. To the extent there is a question of
*(Footnote Continued Next Page)*

The trial court set forth the relevant facts and procedural history of this case as follows:

> Defendant Dominic Haynes had open criminal dockets or was otherwise wanted in multiple counties in Pennsylvania, including Montgomery County, Luzerne County, Dauphin County, Allegheny County, and Berks County as well as the state of New Jersey. In Berks County, he was charged with access device fraud, identity theft, theft by unlawful taking and conspiracy to do same. His bail was set in the amount of $25,000 secured bail. On October 27, 2020, the surety, [FCS,] posted the security for Haynes' release. FCS was the surety in other counties as well, specifically including the Defendant's Montgomery County case(s). A bench warrant was issued in Montgomery County for the Defendant. FCS, as surety, took custody of the Defendant then surrendered him to officials in Montgomery County. He was never voluntarily released from the custody of the Commonwealth. The parties agree that the Defendant was moved among a variety of penal institutions until he ultimately escaped custody in Allegheny County.
>
> As it pertains to the failure to appear and bench warrant in Berks County, on November 3, 2022, the Defendant…was not present for a case status hearing. His attorney of record appeared and indicated that he was unsure where his client currently was but that he was in custody and intended to take a plea. The case was scheduled for a guilty plea and sentencing to be held on December 7, 2022. In the intervening time frame, defense counsel became aware that the Defendant had been in Allegheny County Prison and escaped from custody on October 16, 2022. It is unclear as to how this information came to light but both parties agree that on November 22, 2022, FCS through Sheila Smith sent an email to a staff member in the District Attorney's Office, informing them of their surrender of the Defendant to

_____

standing, we may not raise the issue *sua sponte*. **See In re Duran**, 769 A.2d 497, 501 n.2 (Pa.Super. 2001) (stating "the issue of standing cannot be raised *sua sponte* and is waived if not properly raised"). As Berks County is the only party to this appeal that has filed an appellate brief, there is no challenge to its standing.

Montgomery County in September of 2022 and his escape from Allegheny County, along with other (unconfirmed) information about the Defendant's travels through various other prisons before Allegheny County. Ultimately, on November 2[9], 2022, a bench warrant was issued for the Defendant in Berks County for his failure to appear on November 3, 2022. On [December 1], 2022, notice of intention to forfeit the bail was generated and served on [FCS]. On February 2, 2023, counsel for [FCS] filed a Petition to Vacate Bail Forfeiture and Exonerate Surety. In this unique situation, the court ordered that a response be filed by the Berks County Solicitor's Office. The response and new matter was filed by the Solicitor's Office on February 1[0], 2023. [FCS filed a reply to the new matter on February 16, 2023.] A hearing was held on March 22, 2023. On June 19, 2023, the motion was granted. Notice of Appeal was filed on June 29, 2023 by the Berks County Office of the Solicitor. On that same date, a [Pa.R.A.P.] 1925(b) order was issued. The Concise Statement of Matters to be Complained Upon Appeal was filed on July 10, 2023[.]

(Trial Court Opinion, filed 7/25/23, at 1-2).

Berks County raises the following issues for our review:

Whether the Court of Common Pleas erred in granting the Petition to Vacate Bail Forfeiture and Exonerate Surety where [FCS] failed to establish legally sufficient evidence to prove that the interests of justice require exoneration in this matter and further failed to establish legally sufficient evidence that [FCS] was otherwise entitled to exoneration?

Whether the Court of Common Pleas erred in finding that the provisions of 42 Pa.C.S. § 5747.1, and [FCS's] failure to abide by the same, were not applicable to the instant matter and whether the [c]ourt further erred by finding that the mandatory 90-day payment provisions of 42 Pa.C.S. § 5747.1 were tolled upon the filing of the Petition to Vacate Bail Forfeiture and Exonerate Surety, despite [FCS] offering no legal authority to support … either argument?

Whether the Court of Common Pleas erred in applying the rule of lenity to support the granting of [FCS's] Petition to

- 3 -

Vacate Bail Forfeiture and Exonerate Surety?

(Berks County's Brief at 5).

For purposes of disposition, we initially consider Berks County's second issue on appeal. In this issue, Berks County argues that the court erred in deciding that FCS's mandatory surety obligations under 42 Pa.C.S.A. § 5747.1 were not applicable to this case. Berks County further asserts that the court erred in finding that the provisions of Section 5747.1 were tolled upon filing of the exoneration petition. Berks County submits that neither FCS nor the court cited any legal authority to support the inapplicability, or tolling, of the requirements of Section 5747.1. Berks County claims that it is undisputed that FCS failed to timely pay the forfeited amount of bail as required under Section 5747.1, which was stipulated to at the hearing. Berks County maintains that notice of the order of revocation of bail was timely served on FCS, and a courtesy letter was also sent to FCS prior to the deadline reminding it of the upcoming payment deadline. Nevertheless, Berks County contends that FCS willfully chose to disregard its mandatory payment obligations as the surety in this matter. As a result, Berks County insists that FCS is barred from any right of remission in this matter, which includes the right to exoneration or any right to remit the forfeiture in this case. Berks County concludes that the trial court created an "inappropriate loophole," without any supporting authority to do so, and this Court must grant relief. (Berks County's Brief at 25). We agree relief is due.

This issue involves statutory interpretation of Section 5747.1:

> Statutory interpretation is a question of law, therefore our standard of review is *de novo*, and our scope of review is plenary. In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.
>
> Generally, a statute's plain language provides the best indication of legislative intent. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable. Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning.

*Commonwealth v. Watts*, 283 A.3d 1252, 1255-56 (Pa.Super. 2022) (internal citations and quotation marks omitted).

Section 5747.1 provides:

> **§ 5747.1. Forfeited undertaking**
>
> **(a) General rule.—**If a defendant in a criminal prosecution fails to appear for any scheduled court proceeding, the defendant's bail may be revoked and notice of revocation shall serve as notice of intent to forfeit the bail of the defendant. The notice or order of revocation shall be served by the office of the clerk to the defendant, surety or bail bondsman and insurer who has issued the qualifying power of attorney for the bail bondsman by certified mail, return receipt requested.
>
> **(b) Payment.—**The following shall apply:
>
> (1) Ninety days from the date of the service of the notice of revocation or order of revocation, the revocation shall become a judgment of forfeiture, payment of which shall be immediately required by the defendant or surety. Failure of a bail bondsman to make a timely payment of a forfeiture

judgment shall result in the district attorney or county solicitor commencing proceedings to suspend or nonrenew the license of the bail bondsman otherwise consistent with section 5746 (relating to suspension or revocation of authority to conduct business in a county).

(2) Payment of forfeited undertaking shall be made directly to the office of the clerk not later than the close of business on the 91st day following the service of the notice of revocation. If the defendant has been recovered and placed into custody through the efforts of the bail bondsman or proof has been provided to the court that the defendant was discovered by the bail bondsman to be in custody in another jurisdiction prior to the 91st day, no payment of the forfeited undertaking shall be required. If the defendant is placed into custody or discovered to be in custody, the court shall set aside the bail revocation and may release the defendant with the reinstitution of bail pursuant to the Pennsylvania Rules of Criminal Procedure. The bail bondsman shall not be continued by the court as surety on reinstated bail unless a written consent is signed by the bail bondsman agreeing to such extension of suretyship.

(3) Failure to render payment of the forfeited undertaking by close of business on the 91st day shall bar any right of remission to collect funds pursuant to the forfeited undertaking.

\* \* \*

(5) If the defendant is recovered after the 91st day following the forfeiture, a surety may petition the court in which the revocation and forfeiture occurred to remit all or a portion of the funds collected in exchange for the absence of the defendant. The court shall remit payment as follows:

(i) If the defendant is recovered between the 91st day and six months after the order of revocation or forfeiture, the surety shall recover the full value of the forfeited amount of the bond, less an administrative fee in the amount of $250.

(ii) If the defendant is recovered between six months and one year after the order of revocation or forfeiture, the

surety shall recover 80% of the value of the forfeited amount of the bond.

(iii) If the defendant is recovered between one and two years after the order of revocation or forfeiture, the surety shall recover 50% of the value of the forfeited amount of the bond.

(6) No third-party surety shall be responsible to render payment on a forfeited undertaking if the revocation of bail is sought for failure of the defendant to comply with the conditions of the defendant's release other than appearance. Any violation of performance conditions by a defendant shall be deemed as a violation of a court order, subject to a conviction for indirect contempt of court for violating a court order instituting terms and conditions of release of the defendant and all associated penalties.

42 Pa.C.S.A. § 5747.1 (internal footnote omitted).

This Court recently analyzed Section 5747.1 in **Commonwealth v. McCain**, No. 654 EDA 2023, 2024 WL 3913188 (Pa.Super. filed Aug. 23, 2024) (unpublished memorandum).[3] In **McCain**, the appellant, who had acted as a bail agent for the defendant in a criminal case, argued that he was entitled to partial remission of forfeited funds under Section 5747.1(b)(5). Additionally, the appellant argued that the trial court had erred in analyzing the relevant "interests of justice" factors.[4]

_____

[3] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

[4] **See Commonwealth v. Mayfield**, 827 A.2d 462 (Pa.Super. 2003) (explaining that forfeiture of bail bond should be enforced unless justice otherwise requires; when considering interests of justice, court must look at (1) willfulness of defendant's breach of bond; (2) cost, inconvenience and
*(Footnote Continued Next Page)*

Initially, this Court noted that "*Hann* was decided prior to the enactment of [Section] 5747.1 on October 30, 2015, and based upon the plain reading of Section 5747.1(b)(2), we find that the factors are inapplicable when the surety fails to render payment by close of business on the 91st day following the forfeiture." *Id.* at *3 n.1. Next, this Court explained that the trial court had decided that the plain language of subsection 5747.1(b)(3) barred the appellant's relief where the appellant failed to render full payment of the forfeited undertaking, such that he did not fulfill his obligation under the statutory requirement for payment and remission of bonds. *Id.* at *4.

This Court agreed with the trial court's rationale, explaining:

> The plain language of subsection 5747.1(b)(3) provides that "[f]ailure to render payment of the forfeited undertaking by close of business on the 91st day shall bar any right of remission to collect funds pursuant to the forfeited undertaking." 42 Pa.C.S.A. § 5747.1(b)(3)[.]
>
> On May 12, 2020, the [trial] court granted the Commonwealth's request to revoke and forfeit defendant's bail. [The appellant] was served a copy of that order. …

---

prejudice suffered by government; and (3) any explanation or mitigating factors). *See also Commonwealth v. Hann*, 622 Pa. 636, 81 A.3d 57 (2013) (holding that courts should consider *Mayfield* factors along with host of other factors that are equally relevant to determination of whether justice requires full enforcement of forfeiture order; other relevant factors include, but are not limited to: (1) whether applicant is commercial bondsman; (2) extent of bondsman's supervision of defendant; (3) whether defendant's breach of recognizance of bail conditions was willful; (4) any explanation or mitigating factors presented by defendant; (5) deterrence value of forfeiture; (6) seriousness of condition violated; (7) whether forfeiture will vindicate injury to public interest suffered as result of breach; (8) appropriateness of amount of recognizance of bail; and (9) cost, inconvenience, prejudice or potential prejudice suffered by State as result of breach).

[The appellant] did not make any payment towards the forfeited bail within 91 days as required by subsection 5747.1(b)(3). The language of subsection 5747.1(b)(3) is clear and unambiguous, when either a defendant or surety fails to pay on the forfeited bond by close of business on the 91st day, he shall be barred from any right of remission. "By definition, 'shall' is mandatory." *Oberneder v. Link Computer Corp.*, [548 Pa. 201, 205, 696 A.2d 148, 150 (1997)] (citation omitted). As such, [the appellant] cannot turn to subsection (b)(5) for his right of remission unless he can prove that he rendered payment by close of business on the 91st day following the revocation and forfeiture order. [The appellant] did not present any evidence of his payment at the hearing on November 3, 2022, and the record reflects that [the appellant] did not fully pay the forfeited funds even at the time of his motions for remission. … Therefore, [the appellant] is barred from receiving remission of forfeited funds he paid after the 91st day.

*Id.* at \*4 (some internal citations omitted).

Instantly, the trial court analyzed this issue as follows:

[Berks County] argues that the [c]ourt erred in finding that the provision[s] of 42 Pa.C.S.A. [§] 5747.1 were tolled upon the filing of the Petition to Vacate Bail Forfeiture and Exonerate Surety. FCS filed its petition sixty-five (65) days after the bench warrant being issued. Had the [c]ourt scheduled a hearing and granted the motion within ninety (90) days from the issuance of the warrant, the obligations of 42 Pa.C.S.A. [§] 5747.1 would not be applicable as it is only after ninety days from the date of the service of the notice of revocation or order of revocation, that the revocation becomes a judgment of forfeiture. Neither the statute nor case law provided guidance on whether a timely motion to vacate forfeiture tolls the administration of its penal provisions. Any failure to have the petition addressed and disposed of within 91 days is squarely on the [c]ourt and not FCS.

(Trial Court Opinion at 5). We cannot agree with the trial court's analysis.

Here, the defendant failed to appear for a case status hearing on

November 3, 2022. Consequently, on November 29, 2022, upon application of the District Attorney's Office, the trial court issued a bench warrant for the defendant's arrest and ordered that bail, if any outstanding, in the amount of $25,000.00 secured, was forfeited. (*See* Application and Order for Bench Warrant, 11/29/22, at 1). On December 1, 2022, the Clerk of Courts issued to FCS a notice of the defendant's bail revocation[5] and intent to forfeit bail, consistent with Section 5747.1(a). (*See* Notice of Forfeiture, 12/1/22, at 1).[6] Thereafter, the Berks County Solicitor's Office sent a "courtesy letter" to FCS indicating that notice of forfeiture had been sent on December 1, 2022, and the full amount of $25,000.00 in forfeited bail was due on or before the close of business on March 6, 2023.

On February 9, 2023, FCS filed the instant petition to vacate bail forfeiture and exonerate surety. Although the trial court opined that "[n]either the statute nor case law provided guidance on whether a timely motion to vacate forfeiture tolls the administration of its penal provisions" (*see* Trial Court Opinion at 5), we need look no further than the statutory language itself

_____

[5] We note that "[u]nless bail is revoked, a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania." Pa.R.Crim.P. 534. Thus, although the defendant was previously incarcerated based on a bench warrant in Montgomery County, his bail bond in Berks County was still active and subject to revocation for violation of bail conditions.

[6] FCS did not allege in the trial court any deficiency in notice of the forfeiture. We reiterate that FCS has not filed an appellate brief.

to resolve this inquiry. A plain reading of the statute provides that "[p]ayment of forfeited undertaking shall be made directly to the office of the clerk not later than the close of business on the 91st day following the service of the notice of revocation." 42 Pa.C.S.A. § 5747.1(b)(2). Had the legislature intended for a petition seeking to vacate the forfeiture to toll this deadline, it would have so provided. **See Watts, supra**. Based upon the plain statutory language, we agree with Berks County that FCS's failure to render payment of the forfeited bail in a timely fashion barred its right of remission. **See id.**; **McCain, supra**. **See also** 42 Pa.C.S.A. § 5747.1(b)(3).

This interpretation is consistent with Pennsylvania Rule of Criminal Procedure 536. Specifically, the Rule provides that "[a] bail authority, as provided by law or as justice requires, shall exonerate a surety who deposits cash in the amount of any forfeiture ordered or who surrenders the defendant in a timely manner." Pa.R.Crim.P. 536(C)(1). "When the conditions of the bail bond have been satisfied, or the forfeiture has been set aside or remitted, the bail authority shall exonerate the obligors and release any bail." Pa.Crim.P. 536(C)(2). The Comment to this Rule further provides that "Section 5747.1(b)(5) of the Judicial Code requires the bail authority to grant specific remittances to sureties if the defendant is produced within specified time periods. Otherwise, remittance or exoneration of the surety is within the discretion of the bail authority." Pa.R.Crim.P. 536, *Comment* (internal citation omitted).

- 11 -

Reading Section 5747.1 alongside Rule 536, it is clear that upon service of the notice of intent to revoke and forfeit bail, FCS was required to forfeit the $25,000.00 within 90 days. **See** 42 Pa.C.S.A. § 5747.1(b)(2). Nevertheless, FCS had the right to seek remittance of the forfeiture "as justice require[d]." **See** Pa.R.Crim.P. 536(C)(1). Had it complied with Section 5747.1(b)(2), FCS would have had an opportunity to allege that it was not responsible for the defendant's escape, and the interests of justice required return of its forfeiture. FCS lost this opportunity when it failed to make payment by the close of business on the 91st day. **See** 42 Pa.C.S.A. § 5747.1(b)(3); **McCain, supra**.[7]

Based upon the foregoing, we conclude that the trial court erred by granting FCS's petition to vacate bail forfeiture and exonerate surety. Accordingly, we reverse the court's order and remand for the court to order FCS to render payment of the forfeited bail to Berks County.

_____

[7] Berks County's first issue on appeal challenges the trial court's analysis of the "interests of justice" factors under **Hann**. We reiterate this Court's recent remarks that the factors are "inapplicable when the surety fails to render payment by close of business on the 91st day following the forfeiture." **See McCain, supra** at *3 n.1. Thus, we need not analyze Berks County's first issue on appeal. Additionally, Berks County's third issue on appeal challenges the trial court's application of the rule of lenity. The rule of lenity provides that "when a penal statute is ambiguous, it must be strictly construed in favor of the defendant." **Commonwealth v. Rosario**, ___ Pa. ___, ___, 294 A.3d 338, 350 (2023). "[T]he rule applies if at the end of the process of construing what the legislature has expressed, there is a grievous ambiguity or uncertainty in the statute." **Id.** Because we conclude that Section 5747.1 is not ambiguous, we agree with Berks County that the trial court erred by applying the rule of lenity in FCS's favor.

Order reversed.  Case remanded for further proceedings.  Jurisdiction is relinquished.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/27/2024