COMMONWEALTH of Pennsylvania,
Appellee

v.

Garfield L. GAINES, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Ricky Johnson a/k/a Rufus Taylor and
Ricky Johnson a/k/a Rufus Taylor
(Surety), Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Ricky Smith a/k/a Rufus Taylor and
Ricky Smith a/k/a Rufus Taylor
(Surety), Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Rufus Taylor, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Ricky Smith a/k/a Rufus Taylor and
Ricky Smith a/k/a Rufus Taylor
(Surety), Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Daniel Ramos, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Daniel Ramos, Appellant.

Commonwealth of Pennsylvania,
Appellee

v.

Ronald Wilcox, Appellant.

Superior Court of Pennsylvania.

Argued May 14, 2013.

Filed July 25, 2013.

Reargument Denied Oct. 1, 2013.

Sharon M. Dietrich, Philadelphia, for appellants.

Peter Carr, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., LAZARUS, J., and COLVILLE, J.*

OPINION BY LAZARUS, J.

Appellants, criminal defendants who failed to appear for court listings in each of their unrelated cases, appeal from orders denying their petitions to set aside bail[1] judgments or remit bail in its entirety.[2] In each case, the trial court issued a bail forfeiture order granting the defendants

---

* Retired Senior Judge assigned to the Superior Court.

1. "Bail has been long recognized as a procedure whereby an individual defendant provides a form of collateral 'in exchange for the defendant's release from custody; it secures his future appearance and other requirements of his bond[.]'" *Commonwealth v. Chopak*, 532 Pa. 227, 615 A.2d 696, 702 (1992) (quoting *Commonwealth v. McDonald*, 476 Pa. 217, 382 A.2d 124, 126 (1978)). Bail forfeiture refers to the process whereby part or all of

the security posted for a defendant's release is surrendered when a condition of bail is breached. *Chopak, supra* at 703 n. 7.

2. The American Civil Liberties Union of Pennsylvania (ACLU–PA) has also filed *amicus curiae* briefs on appeal in support of defendants. Essentially, the ACLU–PA's argument addresses the administrative problems and due-process concerns that it perceives exist with regard to the collection of bail in Philadelphia.

20 days to surrender or risk being held liable for the full amount of bail. None of the defendants came forward within that time limit; as a result, default judgments were entered against each defendant for the full amount of his bail. After more than 11[3] years elapsed from the entry of the judgments, defendants filed petitions to vacate or reduce the amount of bail. After hearings, those petitions were granted in part, reducing bail in all cases, ranging from a 30%–90% reduction.

On appeal, all Defendants claim that:

The trial court should have set aside their bail forfeitures under Pa.R.Crim.P. 536(A)(2)(d), where the Commonwealth failed to present any evidence of cost, inconvenience, and prejudice suffered by it as a result of Defendants' failure to appear or that the Defendants willfully failed to appear and that many years passed before collections were pursued.[4]

Defendant Taylor further claims that:

The bail forfeitures should have been fully set aside or remitted where there was no evidence that written notice of intent to enter judgment was given to the defendant as required by Phila.C.Crim.D.R. 510(C).

Defendants Taylor, Gaines and Ramos further claim that:

Should the bail forfeitures have been fully set aside or remitted where the bail orders sued out were rescinded by the bail authority pursuant to Pa.R.Crim.P. 536(A)(2)(d)?

Defendant Gaines further claims that:

Justice does not require the enforcement of the bail forfeiture orders where the defendant is denied a full expungement because of the forfeitures.

Defendants Wilcox and Ramos further claim that:

The bail forfeiture should have been fully set aside because he is indigent and is unable to pay the bail judgment rendered against him.

Defendant Wilcox further claims that:

The bail forfeiture should have been fully set aside because is unable to apply for a pardon due to the bail judgment rendered against him.

■■■ Our standard and scope of review in cases involving remittance of bail forfeiture is well established:

The decision to allow or deny a remittance of bail forfeiture lies within the sound discretion of the trial court. Accordingly, an appellate court's review is limited to a determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment. If a trial court erred in its application of the law, an appellate court will correct the error. The scope of review on questions of law is plenary.

*Commonwealth v. Culver*, 46 A.3d 786, 790 (Pa.Super.2012) (*en banc*).

■■ Upon a defendant's violation of any bail condition, under Pennsylvania law the bail may be subject to forfeiture. Pa.

---

**3.** The motions to set aside or remit the bail forfeitures in all of the Defendants' cases were filed 12 to 22 years after the entry of their respective default judgments (Gaines, 12/16 years; Ramos, 19/22 years; Wilcox, 16/17 years; and Taylor 17 years).

**4.** On January 17, 2013, our Court, *sua sponte*, consolidated these cases for oral argument due the underlying common question regarding whether the trial court abused its discretion in failing to fully set aside the Defendants' bail forfeitures. Pa.R.A.P. 513; 2322.

R.Crim.P. 536. After forfeiture, the money deposited to secure the defendant's appearance or compliance with the conditions of the bail bond technically becomes the property of the county. Pa.R.Crim.P. 536(A)(2)(e). However, the bail bond remains subject to exoneration, set-aside, or remittance by the court. *See* Pa.R.Crim.P. 536(C). A forfeiture, once declared by the court, may be set aside or remitted as justice requires. Pa.R.Crim.P. 536(A)(2)(d). Equitable principles apply when a court is faced with the decision whether to modify or remit a forfeiture. *Commonwealth v. Nolan*, 288 Pa.Super. 484, 432 A.2d 616 (1981).

■ The trial court shall consider the following factors in determining whether remittance is appropriate: (1) the willfulness of the defendant's breach; (2) the cost, inconvenience and prejudice suffered by the prosecution as a result of the breach; (3) and any explanation or mitigating factors present in the case. *Commonwealth v. Atkins*, 434 Pa.Super. 559, 644 A.2d 751, 753 (1994).[5]

■ Here, the petitioners seeking remittance are the criminal defendants themselves. However, the majority of cases addressing the issue arise in the context of bondsmen petitioning for such remittance. In those cases, the burden has been on the bondsmen to prove that his or her efforts contributed to the apprehension and return of the fugitive defendant or that those efforts at least had a substantial impact on his or her apprehension and return. *Commonwealth v. Mrozek*, 703 A.2d 1052, 1053 (Pa.Super.1997). Additionally, if a refund of forfeited monies is requested by a surety, the court is obli-

gated to hold a hearing and consider the equities of the claim. *See Commonwealth v. Ball*, 228 Pa.Super. 222, 323 A.2d 8 (1974); *see also Commonwealth v. Nolan*, 288 Pa.Super. 484, 432 A.2d 616 (1981) (hearing required on bail bondsman's request for remittance of forfeited money).

Instantly, the trial court notes that witnesses and court personnel were inconvenienced in each of these cases when the Defendants failed to appear for trial listings or preliminary hearings. As the Commonwealth argues in its consolidated brief, the official docket speaks for itself with regard to the fact that three of the prosecutions were substantially delayed as a result of the defendants' failure to appear at listings.[6]

■ Despite the Appellants' arguments regarding the burden of proof, we find it both equitable and consistent with default judgment jurisprudence to place the burden upon petitioners in bail forfeiture remittance proceedings. As the Commonwealth notes, it bears the burden of proof at the bail forfeiture hearing. Moreover, the burden also shifts to the Commonwealth to prove why a defendant shall be denied bail; if such proof is given, then bail may be denied regardless of the nature of the charges.

In each of these cases (Gaines, Ramos and Wilcox), the Appellants have not disputed that: they failed to appear at court listings; they either had no excuse or no legitimate excuse for their failures to appear; or their failures to appear caused significant delays. In fact, the only explanations that were ever given, which were

---

**5.** In *Atkins*, this Court looked to federal jurisprudence to define the considerations to apply in ruling on motions for bail remission. Specifically, the Court adopted the three factors discussed *infra* from *U.S. v. Ciotti*, 579 F.Supp. 276, 278 (W.D.Pa.1984). *See Atkins*, 644 A.2d at 753.

**6.** Defendant Taylor presented evidence to the contrary which is discussed *infra*.

in Gaines's and Wilcox's cases, were that they were habitual drug users. With regard to Ramos, his failures to appear caused his cases to be delayed by five months and three months, respectively. In Gaines's cases, his failures to appear caused his cases to be delayed by ten years. Finally, Wilcox's failures to appear caused his cases to be delayed by nine years.

▮ Moreover, the trial court set aside bail on each case at a minimum of 30%, plus costs, and a maximum of 90%, plus costs. In two of the cases bail was set aside 70%/90% and 90%/90%. Despite the fact that the trial court may not have fully remitted the bail monies, the fact remains that the court did substantially reduce the forfeiture orders in each of Appellants' cases. Given the considerable delays caused by Appellants' failures to appear, as well as the generous cost reductions extended by the trial court, Defendants Gaines, Wilcox, and Ramos have failed to demonstrate that the trial court abused its discretion in denying full remittance of bail forfeiture. Therefore, we find their claims have no merit.

▮ Unlike the other defendants, Taylor presented notes of testimony from his preliminary hearings showing that, when he failed to appear in court, the hearings proceeded in his absence and were not delayed. Furthermore, the docket reveals that Taylor was apprehended in time to appear for his trial, at which time he ultimately entered a guilty plea. Based on this evidence, Taylor argues that his failure to appear caused no additional cost, inconvenience or prejudice to the prosecution. *Atkins, supra; Nolan, supra.*

Moreover, the Commonwealth does not oppose Taylor's request for relief on appeal. Instantly, we find that, based on the analysis set forth in *Nolan, supra,* the trial court should have fully remitted Taylor's bail. In light of the record evidence which indicates no delay, no additional cost, and no prejudice to the prosecution, we agree with appellant that there was no valid basis upon which to deny the bail remittance. Accordingly, we vacate the order denying Taylor's petition to set aside his bail judgments and remand to the trial court so that his bail forfeitures may be fully remitted.[7] *Culver, supra.*

Appellants Gaines and Ramos further claim that the bail forfeitures should have been fully set aside or remitted because the "bail orders sued out" were rescinded by the bail authority pursuant to Pa. R.Crim.P. 536(A)(2)(d). A "bail order sued out" (BOSO) is an order from the court to surrender within twenty days. Pa.R.Crim.P. 536(A)(2)(d) ("The forfeiture of bail shall not be executed until 20 days after notice of the forfeiture order.").

▮ After BOSOs were issued, neither Gaines nor Ramos surrendered himself to the court within the 20–day window and, consequently, default judgments were entered against both defendants for the entire amount of the set bail. Once they were apprehended, bench-warrant hearings were held and the BOSOs were rescinded.[8] Gaines and Ramos argue that the rescission of the BOSOs constitutes a redaction of the bail forfeiture order that was entered against them while they remained fugitives. The BOSO itself, however, does not cause default judgment to be entered automatically. Rather, bail for-

---

7. Having granted Taylor relief on appeal, we will not address his remaining claims.

8. When a defendant or witness is arrested pursuant to a bench warrant, he or she shall be taken without unnecessary delay for a hearing on the bench warrant. *See* Pa. R.Crim.P. 150(A)(1).

feiture can only be executed after the 20-day window at which point written notice of the forfeiture is given to the defendant either personally or by mail at the defendant's last known address. *See* Pa. R.Crim.P. 536(A)(2)(b), (c). The rescission of the BOSO was merely a retraction of the order to appear and not of the bail forfeiture itself. Instantly, the record demonstrates that both Gaines and Ramos were issued written notice of their bail forfeitures. Therefore, we find this claim has no merit.

Defendant Gaines also claims that justice requires that he be given a full bail remittance where the trial court granted him an order of expungement in his underlying case, but he was refused expungement due to his unpaid bail judgments. Gaines relies upon our Court's recognized right of expungement to argue that his inability to pay the bail forfeiture impedes that right.[9]

■ It is well established that in determining whether justice requires expungement, the Court must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records. *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877, 879 (1981). Instantly, the trial court considered the impact Gaines's delinquent bail payments would have on his expungement proceedings and ultimately determined that the Commonwealth's interest in enforcing its bail policy was of greater significance. We will not second-guess the trial court's judgment where it was in the best position to weigh the conflicting interests and where the record indicates a clear breach of bond conditions on the part of Gaines. The trial court made a considered, thoughtful judgment after weighing all of the factors. There was no abuse of discretion. Therefore, we find this claim has no merit.

■ Appellants Wilcox and Ramos also argue that their *in forma pauperis* status should have been considered by the trial court as a mitigating factor in its bail forfeiture analysis under the *Atkins* test. However, as discussed previously, in bail forfeiture proceedings a court considers the three *Atkins* factors in a totality-of-the-circumstances analysis. Here, the trial court was aware of Appellants' *in forma pauperis* status and, after considering the appropriate bail remittance factors, reduced Appellants' bail forfeitures by 30%/90% and 70%/90%, respectively. Accordingly, we find no abuse of the trial court's discretion; this claim has no merit.

Finally, defendant Wilcox claims that the bail forfeiture should have been fully set aside because he is unable to apply for a pardon due to the bail judgment rendered against him. Wilcox argues that his goal of seeking a pardon should have been considered by the trial court as a mitigating factor in its bail forfeiture analysis under the *Atkins* test.

The Pennsylvania Board of Pardons adopts its own rules and regulations for the review of applicants seeking a pardon.[10] The Board requires that applicants

---

9. In certain circumstances, substantive due process guarantees an individual the right to have his or her arrest record expunged. *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584, 587–88 (1976).

10. "The Board of Pardons shall adopt rules and regulations governing its actions and no hearings or recommendations shall be contrary thereto." 71 P.S. § 299(c).

demonstrate successful completion of all court-imposed requirements such as probation, parole, and payment of all fines and costs.[11] Instantly, the trial court was made aware of Wilcox's plan to seek a pardon and his inability to pay the bail forfeiture; however, the trial court found these reasons did not warrant a complete remittance of bail forfeiture. *See Atkins, supra.* The court examined the totality of the circumstances, exercised its discretion, and reduced Wilcox's bail forfeitures by 30% and 90%, respectively. *Id.*

 We will not second-guess the judgment of the trial court where it was in the best position to weigh the conflicting interests and where the record indicates Wilcox's clear breach of bond conditions. We find this claim also has no merit.

Orders affirmed in the cases of Defendants Gaines, Ramos, and Wilcox. Orders denying petition to set aside bail judgments/remit bail in entirety in cases of Defendant Taylor vacated and cases remanded for full remittance in accordance with the dictates of this decision.

Affirmed in part; vacated and remanded in part. Jurisdiction relinquished.