J-S68035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRIAN EDWARD KARL | : | |
| | : | |
| | : | |
| APPEAL OF: ACE BAIL BONDS, LLC, | : | |
| | : | |
| Appellant | : | No. 669 EDA 2014 |

Appeal from the Order entered on January 28, 2014
in the Court of Common Pleas of Pike County,
Criminal Division, No. CP-52-CR-0000145-2005

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 09, 2014**

Ace Bail Bonds, LLC (hereinafter "Ace"), appeals from the Order denying the "Motion to Vacate Forfeiture and Exonerate Bond" (hereinafter "Motion to Vacate Forfeiture"), in this bail bond forfeiture dispute concerning a bond that Ace's predecessor-in-interest had paid on behalf of the defendant involved in the underlying criminal case, Brian Edward Karl ("Karl"). We affirm.

The trial court concisely set forth the relevant factual and procedural history underlying this appeal as follows:

> On March 20, 2013, the Commonwealth filed a Petition for Forfeiture of Bail. The Petition alleged that John Butler of the Bail Store, Inc., [Ace's predecessor-in-interest,] posted a bail bond for [Karl's] $5,000.00 bail in April of 2005 at the time of [Karl's] Preliminary Hearing. [Karl] entered a plea [of] guilty to the charges of Forgery, Fleeing or Attempting to Elude a Police Officer and Driver Required to be Licensed[,] in September of

2005. [Karl] then subsequently failed to appear at his sentencing hearing on December 1, 2005[,] and th[e trial c]ourt issued a bench warrant for his arrest. The bench warrant remained outstanding from December of 2005 until September of 2013. On March 21, 2013, as a result of [Karl's] failure to appear, th[e trial c]ourt found [that he] had violated the conditions of his bail bond[] and forfeited the entire $5,000.00. On August 5, 2013, an authorized bail piece was signed by th[e trial c]ourt removing Ace [], which had replaced the Bail Store, Inc.[,] as the surety for [Karl].

The bench warrant was vacated on September 17, 2013, after [Karl] was recaptured and surrendered to the Pike County Correctional Facility. This appeal stems from the Motion to Vacate [Forfeiture] … filed on October 4, 2013 by a third-party [hired by Ace], Financial Casualty, alleging that Financial Casualty had located [Karl] in Florida prior to his apprehension and surrender to the Pike County Correctional Facility on September 14, 2013. A body receipt with date of surrender signed by an intake officer was attached to the Motion as an exhibit. After a hearing [(hereinafter "the hearing")] in which the Commonwealth opposed the Motion [to Vacate Forfeiture, the trial c]ourt denied [the] Motion …. [Ace], agent for the surety []Financial Casualty[,] filed a timely appeal of that Order.

Trial Court Opinion, 4/15/14, at 1-2.

On appeal, Ace presents the following questions for our review:

A. Did the trial court abuse its discretion by not conducting a hearing in which all of the factors bearing on forfeiture and remission of bail identified [by the Pennsylvania Supreme Court] in [**Commonwealth v.**] **Hann**[, 81 A.3d 57 (Pa. 2013),] were considered?

B. Did the trial court abuse its discretion by not applying all of the **Hann** factors[1] to the facts and circumstances of this case[,] and by failing to interpret Pa. Rule of Criminal Procedure 536[,] as described in **Hann**, resulting in an improper analysis and improper application of **Hann** to this case?

---

[1] We discuss these factors in our analysis below.

- 2 -

Brief for Appellant at 2 (footnote added). We will address Ace's issues simultaneously, as they are related.

Our standard of review in cases involving remittance of bail forfeiture is well established:

> The decision to allow or deny a remittance of bail forfeiture lies within the sound discretion of the trial court. Accordingly, an appellate court's review is limited to a determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment.

**Commonwealth v. Gaines**, 74 A.3d 1047, 1050 (Pa. Super. 2013) (citation omitted).

Regarding forfeiture of a bail bond, this Court has explained that

> [u]pon a defendant's violation of any bail condition, under Pennsylvania law[,] the bail may be subject to forfeiture. Pa.R.Crim.P. 536. After forfeiture, the money deposited to secure the defendant's appearance or compliance with the conditions of the bail bond technically becomes the property of the county. Pa.R.Crim.P. 536(A)(2)(e). However, the bail bond remains subject to exoneration, set-aside, or remittance by the court. **See** Pa.R.Crim.P. 536(C). A forfeiture, once declared by the court, may be set aside or remitted as justice requires. Pa.R.Crim.P. 536(A)(2)(d). Equitable principles apply when a court is faced with the decision whether to modify or remit a forfeiture.

**Gaines**, 74 A.3d at 1050-51 (some citations omitted).

In **Hann, supra**, our Supreme Court stated that, when considering whether or not justice requires the enforcement of a forfeiture order under

Rule 536(A)(2)(d), a court should consider several factors, including the following:

> (1) whether the applicant is a commercial bondsman; (2) the extent of the bondsman's supervision of the defendant; (3) whether the defendant's breach of the recognizance of bail conditions was willful; (4) any explanation or mitigating factors presented by the defendant; (5) the deterrence value of forfeiture; (6) the seriousness of the condition violated; (7) whether forfeiture will vindicate the injury to public interest suffered as a result of the breach; (8) the appropriateness of the amount of the recognizance of bail; and (9) the cost, inconvenience, prejudice or potential prejudice suffered by the [Commonwealth] as a result of the breach. That list is not exhaustive, and trial courts may consider other factors as interests of justice require.

*Hann*, 81 A.3d at 67-68 (citation omitted).

Here, Ace argues that the trial court abused its discretion by (1) denying Ace's request that the forfeiture of the $5,000 bond be remitted; and (2) determining that the interests of justice require forfeiture of the bond. *See* Brief for Appellant at 4. According to Ace, the trial court committed reversible error by failing to (1) adequately consider all of the abovementioned factors set forth in *Hann*; and (2) adduce sufficient testimonial or documentary evidence at the hearing to enable the court to give full consideration to these factors. *Id.* at 4-11. Specifically, Ace asserts as follows:

> At the time the oral argument took place [at the hearing], *Hann* had already been decided and announced. However, very little, if any[,] testimonial or documentary evidence was offered by either party [that] was relevant to the *Hann* factors. The [trial c]ourt's [January 28, 2014 Order and Opinion denying the Motion to Vacate Forfeiture] was rendered approximately three

months after the *Hann* decision …. The [trial] court decision acknowledges *Hann* and recites the factors, but does not consider each one in a methodical fashion.

*Id.* at 6. Ace asserts that the "heart of its case" is that neither Ace nor its predecessor-in-interest was aware that Karl had absconded until early 2013, and Ace (acting through Financial Casualty) immediately pursued and located Karl upon learning that he had absconded. *Id.* at 8. Ace further argues that "[b]ecause there is no evidence that the Commonwealth did anything (other than ask[] for a bench warrant) to capture or retain [Karl], and spent no money in doing so, the [trial court's] finding that $5,000 is adequate compensation to the Commonwealth is nothing more than arbitrary." *Id.* at 11. Accordingly, Ace requests that this Court vacate the Order denying the Motion to Vacate Forfeiture and remand the matter to the trial court for it to conduct a hearing in full compliance with *Hann*. *Id.* at 12.

In its Pa.R.A.P. 1925(a) Opinion, the trial court rejected Ace's claims, reasoning as follows:

> First, although [Ace] alleges [that the trial c]ourt did not properly consider the factors in *Hann* because only an oral argument was held, the claim lacks merit. First, [the] hearing was held regarding the issue and a representative from [Ace's] company testified. Following his testimony[,] the District Attorney cross-examined the representative and then proceeded to make a final oral argument on the issue. Thus, a full hearing plus argument was held on the matter.
>
> Additionally, based upon the rationale contained in *Hann*[,] the previous Order issued by th[e trial c]ourt granting forfeiture was not in error. The original bond was posted by

[Karl] in April of 2005. [Karl] then willfully failed to appear at his sentencing hearing on December 1, 2005[,] and had a bench warrant issued for his arrest. No evidence was presented of mitigating factors[,] nor was an explanation provided by [Karl that] would have excused his conduct. [Karl] then remained free and out of custody for seven years and three months before the Commonwealth motioned to forfeit bail.

Further, as indicated during the hearing[, Ace] did little in terms of supervision after [Karl] was released on bond. Nothing was presented at the hearing or filed with th[e trial c]ourt that provided any indication that [Ace or its predecessor] sought or retained [Karl] in any way[, until 2013, when Ace, acting through its agent, Financial Casualty, searched for Karl and found him living in Florida]. The only explanation provided by [Ace] at the hearing was that, due to issues with the company's internal records[, Ace] was unaware that [Karl] was still at large.[2]

Furthermore, there is a deterrence factor in allowing all or partial forfeiture so that both defendants and the bail bondsmen are aware of the conditions of bail and the necessity to follow all such conditions. While the violation in this matter was not "serious" to the same extent as the violation in **Hann**, it was not simply a minor violation[,] since [Karl] continued to evade the law for seven years.

Additionally, th[e trial c]ourt's decision to forfeit bail vindicated the injury to the public interest suffered in this matter. When a defendant on bail continues to avoid the punishment of a crime[,] such behavior jeopardizes the propriety of bail as well as its availability in the future.

Finally, [Karl] was still evading the law when th[e trial c]ourt granted the Motion[,] and the Commonwealth was still unsure if [Karl] might ever be found. While such fact did not completely prejudice the disposition of the case[,] since [Karl] had already pled guilty[,] th[e trial c]ourt did not find such factor to be dispositive. The Commonwealth had already spent time

---

[2] Ace asserts in its brief that "[i]n early 2013, … Ace [] was notified by its auditors and regulators that [Karl's b]ail constituted an outstanding liability. This was the first time that anyone with [Ace or its predecessor] was made aware that [] Karl was unaccounted for." Brief for Appellant at 3.

and energy to recapture [Karl], including seeking a bench warrant for his arrest. Of great significance considered by th[e trial c]ourt was the inconvenience suffered by the Commonwealth for over seven years of being unable to apprehend and sentence an admitted criminal.

Trial Court Opinion, 4/15/14, at 4-5 (footnote added). Our review confirms that the trial court's sound rationale is supported by the record and the law, and we discern no abuse of discretion in this regard. ***See id.***

Moreover, we disagree with Ace that the trial court committed reversible error by failing to specifically address each one of the ***Hann*** factors set forth above "in a methodical fashion." ***See*** Brief for Appellant at 6. Initially, the trial court did, in fact, set forth all of the ***Hann*** factors in its Order denying the Motion to Vacate Forfeiture. ***See*** Order, 1/28/14, at 3-4. Additionally, the trial court discussed many of the relevant ***Hann*** factors in its Pa.R.A.P. 1925(a) Opinion. ***See*** Trial Court Opinion, 4/15/14, at 4-5. Nowhere in ***Hann*** does the Supreme Court require trial courts to discuss, in detail, each of the enumerated factors. Indeed, the ***Hann*** Court emphasized that the factors were only some potentially relevant considerations, and that "forfeiture decisions should be based upon an examination of the totality of the circumstances presented in the individual case, and no one point or factor should be talismanic in making that determination." ***Hann***, 81 A.3d at 67; ***see also id.*** at 68 (reiterating that "courts should look to these as well as other factors as justice dictates on a case-by-case basis, understanding that the parameters of each will be applied differently to each

- 7 -

individual forfeiture proceeding."). Finally, to the extent that Ace argues that the trial court failed to offer any analysis on some of the *Hann* factors (such as (a) whether the applicant is a commercial bondsman; (b) whether Karl's absconding was willful; and (c) the deterrence value of forfeiture of the bond), we determine that these factors did not necessitate a detailed discussion by the trial court, since the record regarding these matters was clear.

Based upon the foregoing, we conclude that the trial court properly exercised its discretion in denying the Motion to Vacate Forfeiture, and discern no error by the court in its consideration of the *Hann* factors.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014