J-S14031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GUILFORD BROWN | : | |
| | : | |
| APPEAL OF: ACE BAIL BONDS, LLC | : | No. 1074 MDA 2016 |

Appeal from the Order Entered June 7, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001574-2014

BEFORE:   GANTMAN, P.J., SHOGAN, and STRASSBURGER*, JJ

MEMORANDUM BY STRASSBURGER, J.:                    **FILED MAY 03, 2017**

Appellant, ACE Bail Bonds, LLC (ACE) appeals from the order granting partial remittance of bail paid to secure the appearance of Guilford Brown (Brown).  We affirm.

The certified record reveals the following.  Brown was arrested on March 9, 2014, and charged with multiple offenses. Following a preliminary arraignment, Brown's bail was set at $25,000 secured.  ACE posted bail for Brown on March 13, 2014.  Brown's charges were bound over for trial following his preliminary hearing and a trial date was set for May 6, 2014. From May 6, 2014 through December 4, 2014, Brown's case underwent a series of postponements.  The docket indicates that Brown appeared at, or was excused from, six court dates. Forfeiture Court Opinion, 6/7/2016, at 1. However, Brown failed to appear for a court date on February 3, 2015.  A

_____

* Retired Senior Judge assigned to the Superior Court.

bench warrant was issued and the court forfeited Brown's bail. On February 24, 2015, the forfeiture court issued a bail piece[1] upon application of ACE.

Nearly ten months later, on December 18, 2015, ACE filed with the court a motion for extension of time to apprehend and surrender Brown. The forfeiture court granted ACE an additional ninety days. On March 11, 2016, within the extended deadline, ACE apprehended Brown and, on March 12, 2016, Brown was committed to the Berks County Jail on the outstanding bench warrant. Following a hearing, Brown's bail was set at $100,000.

On March 21, 2016, Brown pled guilty and was sentenced. Later that day, the court convened a hearing to determine whether bail should be forfeited or remitted to ACE. Following that hearing, the forfeiture court issued an order remitting half of Brown's bail bond, $12,500, to ACE. The remaining half of the bond was forfeited. This appeal followed. Both ACE and the forfeiture court complied with the mandates of Pa.R.A.P. 1925.

ACE presents two questions for our review.

I. Did the [forfeiture] court abuse its discretion or commit an error of law[] when it failed to remit the … bail bond in full?

II. Did the [forfeiture] court abuse its discretion or commit an error of law[] when it failed to have … Brown[] present at the bail bond forfeiture hearing?

ACE's Brief at 4 (unnecessary capitalization omitted).

_____

[1] A bail piece is a court order "authorizing the surety or bail agency to apprehend and detain the defendant, and to bring the defendant before the bail authority without unnecessary delay." Pa.R.Crim.P. 536.

We review orders denying remittance of bail forfeitures according to the following standard.

> The decision to allow or deny a remission of bail forfeiture lies within the sound discretion of the trial court. Accordingly, our review is limited to a determination of whether the court abused its discretion in refusing to vacate the underlying forfeiture order. To establish such an abuse, the aggrieved party must show that the court misapplied the law, exercised manifestly unreasonable judgment, or acted on the basis of bias, partiality, or ill-will to that party's detriment. If a trial court erred in its application of the law, an appellate court will correct the error. Our scope of review on questions of law is plenary.

*Commonwealth v. Culver*, 46 A.3d 786, 790 (Pa. Super. 2012) (citation omitted). Regarding forfeiture of a bail bond, this Court has explained that

> [u]pon a defendant's violation of any bail condition, under Pennsylvania law[,] the bail may be subject to forfeiture. Pa.R.Crim.P. 536. After forfeiture, the money deposited to secure the defendant's appearance or compliance with the conditions of the bail bond technically becomes the property of the county. Pa.R.Crim.P. 536(A)(2)(e). However, the bail bond remains subject to exoneration, set-aside, or remittance by the court. *See* Pa.R.Crim.P. 536(C). A forfeiture, once declared by the court, may be set aside or remitted as justice requires. Pa.R.Crim.P. 536(A)(2)(d). Equitable principles apply when a court is faced with the decision whether to modify or remit a forfeiture.

*Commonwealth v. Gaines*, 74 A.3d 1047, 1050-51 (Pa. Super. 2013).

Our Supreme Court has identified a non-exhaustive list of factors relevant to the determination of whether a bail forfeiture order should be enforced. *See Commonwealth v. Hann*, 81 A.3d 57, 67-68 (Pa. 2013). Those factors include

> (1) whether the applicant is a commercial bondsman; (2) the extent of the bondsman's supervision of the defendant; (3)

- 3 -

whether the defendant's breach of the recognizance of bail conditions was willful; (4) any explanation or mitigating factors presented by the defendant; (5) the deterrence value of forfeiture; (6) the seriousness of the condition violated; (7) whether forfeiture will vindicate the injury to public interest suffered as a result of the breach; (8) the appropriateness of the amount of the recognizance of bail; and (9) the cost, inconvenience, prejudice or potential prejudice suffered by the [Commonwealth] as a result of the breach. That list is not exhaustive, and trial courts may consider other factors as interests of justice require.

*Id.* at 67-68 (citation omitted).[2]

In its first issue, ACE challenges the court's determination with respect to the ninth **Hann** factor and contends that, because Berks County "expended very little expense due to Brown's failure to appear" and did not search for or apprehend Brown, "justice requires" full remittance of Brown's bail bond. ACE's Brief at 10.

With respect to the ninth **Hann** factor, the court credited ACE with apprehending Brown and noted that the Commonwealth spent minimal effort in attempting to locate him. Forfeiture Court Opinion, 6/7/2016, at 11. The

_____

[2] We are cognizant that, in July of 2015, our legislature enacted 42 Pa.C.S. § 5747.1, which governs forfeited undertakings. The statute, which became effective on October 30, 2015, sets forth, *inter alia*, procedure for bail revocation upon non-appearance of a criminal defendant and rules regarding payment. The revocation court concluded that, because the docket indicates Brown's bail was forfeited and not revoked, the mandates of section 5747.1 are inapplicable. Forfeiture Court Opinion, 6/7/2016, at 8. Further, the court determined that, because the clerk of courts, ACE, and the Berks County solicitor failed to follow the relatively new procedural mandates outlined in section 5747.1, it would decline to apply the statute herein and instead evaluated this matter pursuant to Pa.R.Crim.P. 536 and the factors outlined in **Hann**. ACE does not challenge the court's determination in this regard.

court then evaluated "the cost, inconvenience, prejudice or potential prejudice suffered by the [Commonwealth] as a result of the breach" of Brown's bail conditions, explaining as follows.

> In addressing the issue of costs as they relate to forfeiture, our Supreme Court noted that while forfeiture amount should bear some reasonable relation to the cost and inconvenience of the government, the government has no obligation to furnish a bill of costs, nor can the cost and inconvenience factor be dismissed [against the government] simply because they were not substantial…. The fair conclusion, then, is that cost, inconvenience, and prejudice are significant factors but remain only one of multiple dynamics for the trial court to weigh in deciding whether justice requires full, partial, or no forfeiture of bail. Further, and equally important, neither the lack of pecuniary loss or monetary prejudice should outweigh the totality of other concerns presented by an individual case.
>
> Though the actual costs on the record before us appear nominal, and the [plea c]ourt assigned costs to [Brown] at his bail hearing on [March 14, 2016], there were nevertheless costs incurred by the government in the various hearings, however brief, scheduled in the case (not to mention the costs associated with the preparation and presentation of the bail forfeiture/exoneration hearing). With respect to prejudice and inconvenience, [Brown's] failure to appear and fugitive status did not prejudice the Commonwealth in the end, as [Brown] entered a guilty plea and was sentenced shortly after apprehension. The delay in achieving this desired result would cause inconvenience to the Commonwealth, if for no reason other than the ongoing need to monitor the status of the case….
>
> We are mindful of the Supreme Court's admonition that courts must be careful when examining the potential vindication of a general, public harm that they act in a non-punitive manner, as the object of bail forfeiture is not to enrich the government or punish the defendant. Nor can it be used as a balm to soothe the disappointment resulting from the inability to punish and rehabilitate.

*Id.* at 12-13 (citations and quotation marks omitted).

As the **Hann** Court explained, "forfeiture decisions should be based upon an examination of the totality of the circumstances presented in the individual case, and no one point or factor should be talismanic in making that determination." 81 A.3d at 67. The record indicates that, with respect to the ninth factor, the forfeiture court determined that the costs and prejudice to the Commonwealth during the 13-month delay in apprehending Brown were nominal. Thus, the court concluded that, after weighing **all** of the factors and equitable considerations presented here, justice did not require full forfeiture or full remission of bail. Nothing in ACE's argument convinces us that the court committed reversible error in this regard.[3]

ACE next argues that it was error to proceed at the forfeiture hearing without Brown present to give testimony as to the circumstances

---

[3] ACE also makes an argument that Brown's bond was forfeited "in response to ACE's use of fraudulent bonds in other cases." ACE's Brief at 10. Because this claim was not raised before the revocation court at the hearing in this matter or in ACE's concise statement of errors complained of on appeal, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if this claim were not waived, the record does not support ACE's contention. In making its determination on forfeiture, the court did not discuss allegations of prior fraud, except to note that Brown's file was among those seized from ACE via warrant at some point during the pendency of his case. However, the court noted that Brown's file was returned to ACE three months **prior** to Brown's failure to appear. Forfeiture Court Opinion, 6/7/2016, at 10. The court concluded that while the seizure likely had some adverse effect on ACE's record keeping, it did not play a significant role in the delay in apprehending Brown. **Id.** Rather, as discussed thoroughly in the court's opinion, its decision to forfeit half of Brown's bond was based on its consideration of all of the factors outlined in **Hann**. Accordingly, we conclude that ACE's claim of bias is without merit.

surrounding his failure to appear at trial. ACE's Brief at 11-12. Arguably, because Brown had pled guilty and was sentenced prior to the bail forfeiture hearing, he was not a party to that action. However, our Supreme Court has noted that "any explanation or mitigating factors presented by the defendant" is a factor relevant to the enforcement of a forfeiture. *Hann*, 81 A.3d at 67-68. In this case, however, the revocation court noted that "the question of whether or not [Brown] should have been present was addressed at the commencement of the bail forfeiture hearing[.] Not only did the interested parties conclude that there was no reason for him to be physically present, **ACE, through its counsel, stipulated that [Brown's] violation of bail condition by nonappearance at a hearing was willful**." Forfeiture Court Opinion, 9/2/2016, at 5-6 (emphasis added); N.T., 3/22/2016, at 4-7, 13. Thus, ACE is not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2017