J-A28038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

JOSEPH WOODROW MCCAIN

APPEAL OF: ALEXANDER A.
YAROSHENKO

:
:
:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 654 EDA 2023

Appeal from the Order Entered February 9, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000701-2016

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 1, 2023**

Appellant, Alexander A. Yaroshenko of the Sun Surety Insurance

Company, appeals an order of the Court of Common Pleas of Pike County that

denied his motion for remission of bond estreature and granted the

Commonwealth's motion to deny remission of forfeited bail payments.  As this

case remains pending for argument, we remand for the transcription of the

relevant notes of testimony.

Appellant acted as a bail agent for defendant Joseph Woodrow McCain

in a criminal case in which McCain was charged with rape and related offenses.

Certification of Bail and Discharge, 12/5/16, 1.  A bench warrant was issued

for McCain after he failed to appear for a scheduled arraignment on March 2,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2017. Order, 3/2/17, 1. A second bench warrant was issued after McCain failed to appear for scheduled jury selection on November 3, 2017. Order, 11/3/17, 1. On November 13, 2017, the Commonwealth filed a motion to revoke and forfeit bail which at that time had been in the amount of $100,000.00 posted by Appellant. Motion to Revoke, 11/13/17, ¶ 3. On November 16, 2017, the court granted the revocation and forfeiture motion. Order, 11/16/17, 1.

On December 1, 2017, the lower court granted defendant McCain's oral motion to reinstate bail and increased his bail amount to $150,000.00. Order, 12/1/17, ¶ 2. Appellant continued to act as bail agent for McCain following the increase. Certification of Bail and Discharge, 1/22/18, 1. A third bench warrant was issued for McCain after he failed to appear for jury selection on January 3, 2020. Order, 1/3/20, 1. On May 11, 2020, the Commonwealth filed a second motion to revoke and forfeit bail. On May 12, 2020, the lower court granted the second revocation and forfeiture motion. Order, 5/12/20, 1.

On November 20, 2020, Appellant filed a motion to request a partial payment schedule on the forfeited funds. The lower court denied that motion without prejudice and granted Appellant leave to file an amended petition. Order, 12/28/20, 1. The parties later entered a joint stipulation which agreed that Appellant would make an initial payment of $75,000.00 of the forfeited bail funds, to be followed by seven monthly installment payments of $10,000.00 and a $5,000.00 final payment on September 1, 2021. Motion for

Hearing, 1/7/21, attached Exhibit A, Stipulation, 1/7/21. The lower court approved the stipulation on February 11, 2021. Order, 2/11/21, 1.

On January 31, 2022, Appellant filed a motion for remission of bond estreature in which he acknowledged the payment of $125,000.00 toward the $150,000.00 of forfeited bail and sought remission of $100,000.00 of the payments pursuant to 42 Pa.C.S. § 5747.1(b)(5), minus unspecified costs for transporting defendant McCain back to the Commonwealth. First Bond Estreature Motion, 1/31/22, ¶¶ 3, 8-10. On March 3, 2022, the Commonwealth filed a motion to deny remission of the forfeited payments. On March 24, 2022, the lower court denied Appellant's bond estreature motion, ruled that the Commonwealth's remission denial motion was moot, and vacated a scheduled hearing on the opposing motions. Order, 3/24/22, 1.

On June 23, 2022, Appellant filed a second bond estreature motion in which he sought remission of $62,500.00 of the $125,000.00 in forfeited bail payments, minus the cost of transporting defendant McCain back to the Commonwealth. Second Bond Estreature Motion, 6/23/22, ¶¶ 3, 8. On June 26, 2022, the Commonwealth filed a responsive motion to deny remission of the forfeited bail payments. A hearing on the opposing motions was continued until November 3, 2022. *See Commonwealth v. Gaines*, 74 A.3d 1047, 1051 (Pa. Super. 2013) ("if a refund of forfeited monies is requested by a surety, the court is obligated to hold a hearing and consider the equities of the claim"); *Commonwealth v. Nolan*, 432 A.2d 616, 618 (Pa. Super. 1981)

(hearing required on bail bondsman's request for remittance of forfeited money). On February 9, 2023, the lower court issued an order denying Appellant's second bond estreature motion and granting the Commonwealth's remission denial motion. Order, 2/9/23, 1-3. The court ruled that Appellant was barred from any right of remission pursuant to 42 Pa.C.S. § 5743(b)(3) based on his failure to pay the forfeited bail within 91 days of the forfeiture order. *Id.* at 2.

Appellant timely filed a notice of appeal.[1] Notice of Appeal, 3/8/23, 1. He attached to the notice a request for a transcript that did not specify any dates for the proceedings before the lower court. Notice of Appeal, 3/8/23, attached Request for Transcript, 3/8/23, 1 ("the official court reporter is hereby ordered to produce and file the transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure"). This matter is currently scheduled for argument before the instant panel on December 14, 2023.

The relevant proceedings for transcription for purposes of this appeal would consist of the hearing scheduled on November 3, 2022, and any proceedings that transpired on the date that the lower court issued its final order on February 9, 2023. The record certified for this appeal does not

---

[1] We note that Appellant also timely filed a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Rule 1925(a) Order, 3/9/23, 1; Rule 1925(b) Statement, 3/28/23, 1-3.

presently contain any notes of testimony for those dates.[2] On September 11, 2023, the Commonwealth filed a motion to dismiss this appeal due to Appellant's failure to ensure that necessary transcripts were included in the certified record. Application to Dismiss, 9/11/23, 1-3. To date, Appellant has not filed a response to the Commonwealth's motion to dismiss. On October 10, 2023, the dismissal motion was deferred to the instant argument panel. *Per Curiam* Order, 10/10/23, 1.

While Appellant did request a transcript with his notice of appeal, we can only assume that the relevant proceedings below were not transcribed based on Appellant's failure to specify which transcript he was requesting. The absence of any relevant transcripts thwarts our ability to meaningfully address any arguments that the parties would make at the pending argument session. However, because counsel did submit a request for a transcript and we "may take such actions as [we] deem[ ] appropriate" in this situation, we decline to outright dismiss the appeal. Pa.R.A.P. 1911(d). Instead, we direct the lower court to order the transcription of the proceedings on November 3, 2022, and February 9, 2023, within thirty days. Once the proceedings have been

---

[2] The certified record only contains notes of testimony for proceedings on February 11, 2021, and July 9, 2021, neither of which are directly relevant to the order on appeal. On the former date, the lower court accepted the parties' stipulation concerning their agreed-upon repayment schedule for the forfeited bail. N.T. 2/11/21, 3. On the latter date, the court presided over an arraignment of defendant McCain on a bench warrant in his underlying criminal matter. N.T. 7/9/21, 1.

transcribed, the lower court should submit the transcripts as a supplemental record pursuant to Pa.R.A.P. 1926(b)(1).

We will strike the existing briefs as neither party had access to a complete certified record at the time of their drafting. Upon the filing of the new notes of testimony, Appellant will have thirty days to file an Appellant's brief addressing the substance of the new notes of testimony. We further direct Appellant's counsel to file a letter with the brief indicating whether oral argument will be requested. The Commonwealth will then have thirty days from the filing and service of Appellant's brief to file an Appellee's brief.

Given our remand for transcription, we deny the Commonwealth's motion to dismiss. Further, we remove the above-captioned matter from the December 14, 2023 argument list without prejudice to the Appellant's right to request oral argument following the supplementation of the certified record.

Case remanded. Briefs stricken. Case removed from argument list. Lower court directed to order within thirty days of this memorandum the transcription of any notes of testimony for any proceedings for this matter that occurred on November 3, 2022, and February 9, 2023. The lower court should thereafter transmit the ordered notes of testimony to this Court. Appellant to file a brief within thirty days of the new notes of testimony being filed. Appellant is directed to file, contemporaneously with the Appellant's brief, a document indicating whether Appellant requests oral argument. Commonwealth to have thirty days from the filing of Appellant's brief to file

an Appellee's brief.  Commonwealth's motion to dismiss this appeal is denied.

Jurisdiction retained.

Judge Stabile joins this memorandum.

Judge Olson concurs in the result.