J-S15015-23

2023 PA Super 120

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       : PENNSYLVANIA
                                       :
                                       :
            v.                         :
                                       :
                                       :
MANUEL ALEJANDRO RONDON               :
                                       :
                                       : No. 511 MDA 2022
APPEAL OF: STEPHEN HOBBS               :

Appeal from the Order Entered March 8, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001073-2020

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

OPINION BY BOWES, J.:                          **FILED JULY 11, 2023**

Stephen Hobbs ("Surety") appeals from the March 8, 2022 order denying his petition to strike and/or set aside bail forfeiture and exonerate surety, in relation to bail he posted on behalf of Manuel Alejandro Rondon ("the defendant").  We affirm.

The trial court provided the following pertinent summary:

> On June 18, 2020, Surety, in his capacity as a professional bail bondsman, executed a bond on behalf of the defendant in the amount of $75,000.  On September 30, 2020, [the trial court] issued a bench warrant and an order forfeiting bail as a result of the defendant's failure to appear at a pre-trial conference.  Surety was notified of the [same].

> On October 5, 2005, the defendant appeared before the Honorable Christylee Peck for a pre-trial conference.  Defendant's counsel . . . also addressed the bench warrant.  He explained to the court that the defendant did not fail to appear as scheduled.  There was confusion caused by the Court Administrator concerning the date for the pre-trial conference[, and that it] had

been moved to October 5, 2020. He and the defendant had, in fact, appeared that day as directed for the pre-trial conference. The court accepted the explanation and vacated the bench warrant.

Before the court reinstated bail, it directed counsel to contact Surety about his position on standing-by the defendant's bail. Counsel contacted Surety to discuss the bail issue. Surety agreed to continue on the reinstated bail and offered to supplement the record with written consent. Counsel informed the court and asked how it would like to take Surety's consent. The court, being satisfied with counsel's reiteration, stated that the Surety need not file anything because the court would put the Surety's consent on the record. It reinstated bail with Surety continuing as the attached bondsman.

More than [nine] months later, on July 12, 2021, the defendant failed to appear for trial. [The trial court] again issued a bench warrant and forfeited bail. The Clerk of Courts notified Surety of the bench warrant and forfeiture order on July 30, 2021. On October 13, 2021, Attorney Wachinski entered his appearance on behalf of Surety. Nearly two weeks later, he filed a petition to set aside bail and exonerate surety.

[The trial court] held a hearing on the petition on March 1, 2022, at which time [it] heard from [defendant's counsel] and Surety.[1] [The court] denied exoneration because [it] found that 1) Surety continued as bondsman without reaffirming consent because the erroneously issued bench warrant and forfeiture order did not trigger [42 Pa.C.S. §] 5747.1, and 2) even if it were triggered, Surety consented on the record to continue as bondsman on the defendant's reinstated bail.

Trial Court Opinion, 6/30/22, at 1-3 (cleaned up).

_____

[1]  The trial court noted that Surety failed to secure the inclusion of the transcript of the March 1, 2022 hearing within the certified record. Given our standard of review, the absence of this transcript does not hinder our disposition of this appeal.

This timely filed notice of appeal followed. Both Surety and the trial court complied with Pa.R.A.P. 1925.[2] Surety presents a single issue for our consideration: "Whether the trial court erred in its interpretation of 42 Pa.C.S. § 5747.1(b)(2), specifically the final sentence stating: 'The bail bondsman shall not be continued by the court on a reinstated bail unless a written consent is signed by the bail bondsman agreeing to such an extension of suretyship.'" Surety's brief at 2 (cleaned up).

As Surety asks this Court to interpret § 5747.1, "our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Watts**, 283 A.3d 1252, 1255 (Pa.Super. 2022) (citation omitted). In conducting our review, we keep the following principles in mind:

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.
>
> Generally, a statute's plain language provides the best indication of legislative intent. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning.

*Id*. at 1255-56 (cleaned up).

Section 5747.1 provides in pertinent part as follows:

---

[2] Neither the defendant nor the Commonwealth filed a brief in this matter.

**(a) General rule.--**If a defendant in a criminal prosecution fails to appear for any scheduled court proceeding, the defendant's bail may be revoked and notice of revocation shall serve as notice of intent to forfeit the bail of the defendant. The notice or order of revocation shall be served by the office of the clerk to the defendant, surety or bail bondsman and insurer who has issued the qualifying power of attorney for the bail bondsman by certified mail, return receipt requested.

**(b) Payment.--**The following shall apply:

(1) Ninety days from the date of the service of the notice of revocation or order of revocation, the revocation shall become a judgment of forfeiture, payment of which shall be immediately required by the defendant or surety. Failure of a bail bondsman to make a timely payment of a forfeiture judgment shall result in the district attorney or county solicitor commencing proceedings to suspend or nonrenew the license of the bail bondsman otherwise consistent with section 5746 (relating to suspension or revocation of authority to conduct business in a county).

(2) Payment of forfeited undertaking shall be made directly to the office of the clerk not later than the close of business on the 91st day following the service of the notice of revocation. If the defendant has been recovered and placed into custody through the efforts of the bail bondsman or proof has been provided to the court that the defendant was discovered by the bail bondsman to be in custody in another jurisdiction prior to the 91st day, no payment of the forfeited undertaking shall be required. If the defendant is placed into custody or discovered to be in custody, the court shall set aside the bail revocation and may release the defendant with the reinstitution of bail pursuant to the Pennsylvania Rules of Criminal Procedure. The bail bondsman shall not be continued by the court as surety on reinstated bail unless a written consent is signed by the bail bondsman agreeing to such extension of suretyship.

42 Pa.C.S. § 5747.1.

Specifically, Surety argues that the plain language of § 5747.1(b)(2) provides that "a bail bondsman cannot be continued as a surety on a reinstated bail absent written consent signed by the bail bondsman." Surety's brief at 14. Since there was no signed written consent in this case, Surety contends that the trial court erred in denying his petition to set aside the bail forfeiture and exonerate surety. **See id**.

As indicated *supra*, the trial court determined that the requirements set forth in § 5747.1(b)(2) for written consent were not triggered by the events occurring in September and October of 2020, since the bench warrant and forfeiture order had been erroneously issued at that time as a "result of considerable confusion caused by [the] office of Court Administration." Trial Court Opinion, 6/30/22, at 4. Surety claims this rationale fails because the court that issued both the September bench warrant/forfeiture order and October bail-reinstatement order followed the procedures set forth in §5747.1(b), except for obtaining Surety's written consent. **See** Surety's brief at 14. Moreover, Surety argues that § 5747.1(b) was triggered by the September bench warrant/forfeiture order, and that the October order reinstating bail because the September order had been entered in error could not undo that. **See id**. at 17.

This Court had occasion to consider whether the relevant language of § 5747.1(b) was triggered in a nearly-identical scenario in **Commonwealth v. Speedwell**, 253 A.3d 282 (Pa.Super. 2021) (non-precedential decision). Although not binding, we find our analysis in that case to be highly persuasive.

Therein, defendant Speedwell had been granted a continuance request for his arraignment. However, the court reporter typed the incorrect date into the corresponding order. Based upon Speedwell's failure to appear for his arraignment on the date stated in the filed order, the trial court entered a bench warrant and forfeited his bail. The next day, the trial court learned that the relied-upon order had the incorrect date and, therefore, vacated the bench warrant and reinstated Speedwell's bail. The trial court did not obtain the bondsman's consent regarding the reinstatement. Subsequently, Speedwell failed to appear for a pre-trial conference. Thus, his bail was forfeited and a bench warrant issued. The bondsman and surety company petitioned to vacate the bail forfeiture and exonerate surety based on the lack of written consent by the bail bondsman to reinstate the bail.

The trial court in *Speedwell* denied the petition because the bail was initially forfeited due to court error, and therefore the court "was not obligated to secure the written consent of [the bondsman] to continue to hold him as surety on the reinstated bail." *Id*. at *4 (citation omitted). The trial court reasoned that "the requirement to obtain a bondsman's consent to continue the suretyship was not triggered [because t]he initial order forfeiting Defendant Speedwell's bail lacked statutory authority for forfeiture in the first instance given that the defendant was in compliance with bail conditions and not lawfully subject to forfeiture." *Id*. (cleaned up).

This Court agreed with the trial court's analysis, expounding as follows:

The plain language of [§] 5747.1(a) indicates that the statute applies where "a defendant in a criminal prosecution fails to appear for any scheduled court proceeding." 42 Pa.C.S. § 5747.1(a). Here, the trial court found Defendant Speedwell did not fail to appear at his arraignment.

Simply put, the plain language of the statute does not contemplate that the trial court must secure the written consent of the bail bondsman in order to continue suretyship where the initial forfeiture of bail was due to a court error. As the trial court astutely acknowledged, "To conclude otherwise would create an absurd result where a defendant who did not violate the conditions of his bail is nonetheless subject to the reaffirmed consent of the bondsman by no error of his own." Trial Court Opinion, filed 11/5/20, at 1. Accordingly, we find no merit to [the bondsman's] contention that the trial court violated [§] 5747.1 in reinstating Defendant Speedwell's bail and continuing [the] surety without written consent on January 29, 2020.

*Id*. (cleaned up).

Here, as in *Speedwell*, the trial court relied on an incorrect order in initially issuing a bench warrant and forfeiting bail. As explained by the trial court,

multiple notices were generated at the docket regarding the pre-trial conference for the 2020 October Trial Term. At one point it was set for September 29, 2020. At another point it was set for October 1, 2020. Ultimately, the defendant was deemed to have failed to appear for a pre-trial conference on September 30, 2020, for which we do not have any docketed notice. It is common practice for the Court Administrator to informally move scheduled pre-trial conferences without notice given on the docket or to th[e trial c]ourt. That resulted in the initial bench warrant and forfeiture order. It was clearly issued in error.

Trial Court Opinion, 6/30/22, at 2 n.3.

Also as in *Speedwell*, the trial court vacated the bench warrant and reinstated the defendant's bail upon learning of the court error. Thus, similar to *Speedwell*, the initial forfeiture was not due to an error on the defendant's

part. We agree wholly with this Court's prior conclusion that "the plain language of the statute does not contemplate that the trial court must secure the written consent of the bail bondsman in order to continue suretyship where the initial forfeiture of bail was due to a court error." *Speedwell*, *supra* (non-precedential decision at 8) (citation omitted). Indeed, we reiterate our prior assent to the conclusion that to find such a situation triggered the need for written consent "would create an absurd result where a defendant who did not violate the conditions of his bail is nonetheless subject to the reaffirmed consent of the bondsman by no error of his own." *Id*. (cleaned up).

Based upon the foregoing, we hold that the trial court did not err in finding that the written consent required by § 5747.1(b) was not triggered by the September order, which was entered as a result of court error. Since the trial court was not required to obtain the written consent of Surety before reinstating the defendant's bail in October 2020, we affirm the order denying Surety's petition to strike and/or set aside bail forfeiture and exonerate surety.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2023